UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Insight Technology Inc.

    v.                           Civil No. 04-cv-074-JD

SureFire, LLC


O R D E R

      Insight Technology Inc. brought suit against SureFire, LLC, alleging that SureFire is infringing Insight's United States Patent Number 6,574,901 ("the '901 patent") by making and selling certain weapon attachments.  SureFire brought a counterclaim seeking a declaratory judgment that the '901 patent is invalid and unenforceable.  Insight's motion for a preliminary injunction was previously denied.

      Insight moves for partial summary judgment on issues of anticipation and prior art.  SureFire moves for summary judgment on its counterclaim, asserting that the '901 patent is invalid due to obviousness and is unenforceable due to Insight's failure to disclose material prior art to the United States Patent and Trademark Office.  SureFire also moves to strike portions of the declaration of Kenneth Solinsky, submitted by Insight in support of its opposition to SureFire's motion for summary judgment.

      Claim construction is an essential element of each of the issues in this case.  A determination of invalidity due to obviousness or of anticipation is a two-step process that first

requires the court to properly construe the claim language of the patent. Medichem, S.A. v. Rolabo, S.L., 353 F.3d 928, 933 (Fed. Cir. 2003).  "'A patent applicant commits inequitable conduct when, during prosecution of the application, he makes an affirmative representation of a material fact, fails to disclose material information, and does so with the intent to deceive.'" Eaton Corp. v. Rockwell Int'l Corp., 323 F.3d 1332, 1345 (Fed. Cir. 2003) (quoting Amgen Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313, 1358 (Fed. Cir. 2003)).  For purposes of determining inequitable conduct when the charge is a failure to disclose prior art, "the key issues of materiality and intent should be decided with reference to the claims of the patent." Kimberly-Clark Corp. v. Johnson & Johnson, 745 F.2d 1437, 1457 (Fed. Cir. 1984); see also Alza Corp. v. Mylan Labs. Inc., 391 F.3d 1365, 1373-74 (Fed. Cir. 2004).  Further, the infringement analysis begins with claim construction. PC Connector Solutions LLC v. Smartdisk Corp., 406 F.3d 1359, 1362 (Fed. Cir. 2005).

    Neither party has addressed claim construction for purposes of their summary judgment motions or for the infringement analysis at trial.  The '901 patent includes thirty-five claims.  It is not clear from the present record which claims of the '901 patent Insight alleges are infringed.  Although SureFire has asserted that claims 1, 2, 5-13, 17, 21-24, 26, and 28 were obvious due to prior art sources, it did not address those claims

specifically in its summary judgment motion.  See Knoll Pharm. Co., Inc. v. Teva Pharm.USA, Inc., 367 F.3d 1381, 1384 (Fed. Cir. 2004) ("The grant of summary judgment of invalidity for obviousness must be done on a claim by claim basis.").  Therefore, the parties' motions for summary judgment are denied due to their failure to address claim construction.

Claim construction is a question of law to be decided by the court.  Lisle Corp. v. A.J. Mfg Co., 398 F.3d 1306, 1312 (Fed. Cir. 2005); Markman v. Westview Instruments, Inc., 52 F.3d 967, 978-79 (Fed. Cir. 1995).  The claim construction that is part of the magistrate judge's order denying Insight's motion for a preliminary injunction is not final and is subject to revision by the court.  See Jack Guttman, Inc. v. Kopykake Inters., Inc., 302 F.3d 1352, 1361 (Fed. Cir. 2002).  Therefore, before this case can proceed, the claims of the '901 patent that are the basis of the infringement action and that are implicated by the counterclaims must be properly construed.

To that end, the parties shall file a joint stipulation that either provides their agreed construction of each of the claims at issue in this case or indicates that they disagree as to the proper construction.  If the parties do not agree as to the proper construction, each party shall also state in the stipulation whether it contends that a Markman hearing is necessary and, if requesting a hearing, state the reasons that

would support holding a Markman hearing.  The stipulation shall be filed **on or before June 30, 2005.**

Trial is currently scheduled to begin on July 19, 2005. Because the issue of claim construction must be resolved before trial and before the parties' motions for summary judgment may be considered, the motions are denied without prejudice and the trial will be continued.  After the issue of claim construction is resolved, the court will set a schedule for the parties to file motions for summary judgment based on the claim construction.

## Conclusion

For the foregoing reasons, the parties' motions for summary judgment (documents no. 36 and 37) are denied without prejudice to refile after claim construction is resolved.  The defendant's motion to strike (document no. 44) and motion for leave to file a reply (document no. 52) are denied as moot.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 14, 2005

cc:   Laura L. Carroll, Esquire
      Gary A. Clark, Esquire
      Jonathan Hangartner, Esquire
      Lawrence K. Kolodney, Esquire
      Jennifer Rood, Esquire
      Daniel E. Will, Esquire