UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Insight Technology Inc.

     v.                                Civil No. 04-cv-074-JD
                                      Opinion No. 2005 DNH 112

SureFire, LLC


O R D E R


Insight Technology Inc. brought suit against SureFire, LLC, alleging that SureFire is infringing Insight's United States Patent Number 6,574,901 ("the '901 patent") by making and selling certain weapon attachments.  SureFire brought a counterclaim seeking a declaratory judgment that the '901 patent is invalid and unenforceable.  Both parties have filed motions to exclude the testimony of the other's expert witnesses.

The admissibility of expert opinion testimony is governed by Rule 702:

> If scientific, technical, or other specialized
> knowledge will assist the trier of fact to understand
> the evidence or to determine a fact in issue, a witness
> qualified as an expert by knowledge, skill, experience,
> training, or education, may testify thereto in the form
> of an opinion or otherwise, if (1) the testimony is
> based upon sufficient facts or data, (2) the testimony
> is the product of reliable principles and methods, and
> (3) the witness has applied the principles and methods
> reliably to the facts of the case.

Fed. R. Evid. 702.  "Whether proffered evidence should be admitted in a trial is a procedural issue not unique to patent

law," so that this court uses the applicable law of the First Circuit to determine whether challenged expert opinions are admissible.  Micro Chem., Inc. v. Lextron, Inc., 317 F.3d 1387, 1390-91 (Fed. Cir. 2003).

The court acts as a gatekeeper for expert testimony by determining whether expert testimony conforms to the requirements of Rule 702.  Prado Alvarez v. R.J. Reynolds Tobacco Co., Inc., 405 F.3d 36, 40 (1st Cir. 2005).  "Even if admissible under Rule 702, expert testimony still may be excluded under Fed. R. Evid. 403 if its probative value is substantially outweighed by the risk of unfair prejudice it creates."  United States v. Garcia-Morales, 382 F.3d 12, 19 (1st Cir. 2004) (internal quotation marks omitted).  However, Rule 702 is not a means to sanitize a trial; instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 596 (1993).

In addition to the evidentiary requirements for expert testimony, certain disclosures are required as a prerequisite for presenting such evidence.  Parties must disclose the identity of any person who will be used at trial to present expert evidence. Fed. R. Civ. P. 26(a)(2)(A).  For retained and specially employed

experts and employees whose duties regularly involve giving

expert testimony, parties must also provide specified

disclosures.  Fed. R. Civ. P. 26(a)(2)(B).  Failure to comply

with the requirements of Rule 26(a) may result in sanctions

including exclusion of the expert from trial.  Fed. R. Civ. P.

37(c); Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004);

Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia

de P.R., 248 F.3d 29, 35 (1st Cir. 2001).


I.   SureFire's Motion to Exclude Testimony of Kenneth Solinsky

     Kenneth Solinsky is one of the named inventors of the '901

patent and is the founder and president of Insight.  Insight

designated Solinsky as an expert witness.  Because Solinsky is an

employee who, Insight asserts, does not regularly give expert

testimony, he did not provide a report to disclose his opinions.

See Fed. R. Civ. P. 26(a)(2)(B).  SureFire moves to exclude

Solinsky's testimony on the grounds that he is a biased witness,

that he is not qualified to testify about patent infringement,

and that his opinions are not reliable.


     A.  Bias

     SureFire argues that because of Solinsky's personal interest

in the '901 patent and in Insight, he is biased and his testimony

should be excluded either because he is not a reliable witness,
under Rule 702, or because the probative value of his testimony
would be outweighed by unfair prejudice, under Rule 403.  As long
as a witness is qualified to give expert opinion testimony under
Rule 702, issues of bias or personal interest may be left to
cross-examination and credibility determinations made by the
trier of fact.  See, e.g., Quintana-Ruiz v. Hyundai Motor Corp.,
303 F.3d 62, 74-76 (1st Cir. 2002); Den Norske Bank As v. First
Nat'l Bank of Boston, 75 F.3d 49 58 (1st Cir. 1996); Indep.
Living Res. v. Or. Arena Corp., 982 F. Supp. 698, 784 (D. Or.
1997); Conde v. Velsicol Chem. Co., 804 F. Supp. 972, 984-86
(S.D. Ohio 1992).  The court finds no reason to exclude
Solinsky's opinion testimony based on his interest in the case.

     B.  Qualification
     As the gatekeeper for expert testimony, the court must
determine "whether the putative expert is qualified by knowledge,
skill, experience, training, or education." Prado Alvarez, 405
F.3d at 40 (internal quotation marks omitted).  Solinsky has a
B.S. degree in mechanical engineering and an M.S. degree in
industrial engineering.  He founded Insight in 1988, is currently
its president, and has thirty years of experience in the field of
designing weapon mounted devices.  He is a named inventor of the

4

'901 patent.  As such, Solinsky appears to be well-qualified to testify about the '901 patent and related products.

SureFire argues, nevertheless, that Solinsky is not qualified because he does not have a Ph.D. degree, because he has not testified as an expert before, because he has only limited experience in evaluating patent infringement for purposes of a lawsuit, and because he lacks experience in evaluating the applicability of prior art and claims of inequitable conduct. SureFire cites no support for its theories that expert witnesses must have Ph.D. degrees and that only those who are "professional" expert witnesses are qualified to testify.  Those theories are meritless.  Similarly, as long as Solinsky's experience, training, or education qualify him to give the opinions he intends to give at trial, he is qualified to testify whether or not he has ever evaluated patent infringement or other patent issues in the context of other litigation.  Solinsky is qualified to testify about the '901 patent and products that allegedly infringe that patent.

C.  Reliability

Solinsky testified at his deposition about his opinions and the bases for those opinions.  With reference to the '901 patent, Solinsky said that SureFire's devices infringed claims 1, 2, 4 -

11, 13, 17, 21 - 24, 26, and 28 and might also infringe claims 3, 12, 25, and 27.  Solinksy explained that his infringement opinion was based on his examination of SureFire's devices in comparison to the '901 patent claims.

SureFire contends that Solinsky's testimony should be excluded because his opinions are not based on sufficient facts or data and are not the product of reliable principles and methods.  SureFire argues that Solinsky's comparison of the alleged infringing devices with the '901 patent was too superficial to support any opinion of infringement.  Instead, SureFire asserts, Solinsky's opinions are based on his discussions with litigation counsel.  In addition, SureFire refers to its motion to strike Solinsky's declaration submitted in support of Insight's objection to SureFire's motion for summary judgment where SureFire challenged other opinions expressed by Solinsky.[1]

SureFire does not provide a standard for measuring the sufficiency of Solinsky's infringement analysis or the reliability of his opinions other than to suggest that the time Solinsky spent on his analysis was insufficient.  "A determination of infringement requires a two-step analysis.

---

[1]The court does not address the issues raised in SureFire's motion to strike in context of the motion presented here.

First the court determines the scope and meaning of the patent claims asserted and second the properly construed claims are compared to the allegedly infringing device." Apex Inc. v. Raritan Co., 325 F.3d 1364, 1370 (Fed. Cir. 2003) (internal quotation marks omitted).  An expert's conclusory statements in an affidavit that a device infringes a patent are insufficient to support or oppose summary judgment, although the same opinion might be admissible at trial where the factual bases of the opinion can be explored through examination.  Arthur A. Collins, Inc. v. N. Telecom Ltd., 216 F.3d 1042, 1047 (Fed. Cir. 2000). One district court excluded an expert's opinion on infringement, concluding that infringement is a legal determination.  Ut. Med. Prods., Inc. v. Clinical Innovations Assocs., Inc., 79 F. Supp. 2d 1290, 1317 (D. Utah 1999).

Because this court has not yet construed the disputed terms in the '901 patent, it is far from clear whether Solinsky or any expert can formulate an opinion on infringement at this stage of the case.  Based on Solinsky's deposition testimony, he compared the allegedly infringing SureFire devices with the claims in the '901 patent, as he interpreted those claims, and found that the devices infringed many of the claims.  Because he apparently used the correct method for analyzing infringement, whether he spent many hours or just a few minutes would appear to be a matter that

would affect the weight and credibility of his opinion rather than its admissibility.  See, e.g., Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc., 219 F.R.D. 135, 140 (N.D. Iowa 2003).

II.   Surefire's Motion to Exclude Testimony of Alan Howe

Alan Howe is responsible for commercial business development at Insight.  He has a B.S. degree in business administration and economics and did some work toward an M.B.A. degree.  He worked at Putnam Investments for seven and one half years after college and was promoted to the position of corporate bond trader.  He left Putnam in 1997 to work at Insight as production manager and moved to commercial business development in 1999.

Insight notified SureFire that it might use Howe as an expert witness to provide opinion testimony about Insight's damages in this case.  SureFire moves to exclude Howe's testimony on the grounds that he is not qualified to give expert opinion testimony and that his opinions are unreliable.  SureFire emphasizes that it objects to Howe's testimony as an expert under Rule 702, but not as lay opinion witness under Rule 701, or as a fact witness.  Insight argues that Howe is qualified by both his education and his experience at Insight to testify about Insight's damages.

Howe's qualifications as an expert on damages in this case

appear to be minimal at best.  That issue need not be resolved,
however, because his expert opinions on the amount of lost
profits due to Insight as damages for patent infringement and the
amount of a reasonable royalty are not admissible because they
are not based on his own calculations and understanding of those
issues.  Howe's deposition testimony shows that while he has
knowledge of financial matters at Insight and has access to
financial information pertinent to a damages calculation, he
could not and did not make that analysis himself.  Instead,
Insight's counsel used the information Howe provided to calculate
lost profits damages and a reasonable royalty and Howe merely
presented that information as his opinion.  Howe will not be
permitted to present an opinion that is not the product of his
own work and analysis and that he apparently does not understand.
Howe will be permitted to testify about facts and information
within his personal knowledge and any opinions that would be
admissible under Rule 701.

III.  Insight's Motion to Exclude Testimony of John A. Wilson
     Insight challenges SureFire's expert witness, John A.
Wilson, on the grounds that he is not qualified, that his
disclosed opinion on anticipation is irrelevant because it does
not follow the legal standard for proving a claim of

anticipation, that his report lacks an opinion on obviousness,
that his opinions on obviousness are not properly supported, and
that his opinion on unenforceability is not properly supported.
SureFire objects to Insight's motion and defends the
qualifications and opinions of Dr. Wilson.


   A.   <u>Qualifications</u>

   According to his curriculum vitae, Dr. Wilson earned a Ph.D.
in mechanical engineering from Northeastern University in 1970.
Although he has worked in the field of engineering for Sylvania
Electric and General Electric, his experience is primarily
academic, teaching at the University of New Hampshire in the
mechanical engineering department.  Dr. Wilson retired in 1999
but then returned to the University to teach courses and to
direct accreditation activities pertaining to engineering and
computer science programs.  Dr. Wilson states that at the time he
prepared his expert opinion report, he was self-employed as a
mechanical engineering consultant.  His curriculum vitae shows
that he testified in twenty-eight cases between December of 2000
and December of 2004.

   Insight argues that Dr. Wilson is not qualified to give
opinions as an expert in the areas of anticipation and
obviousness because he has no background or experience in handgun

weaponry.  Because of that deficiency, Insight contends that Dr.
Wilson cannot give opinions as "one skilled in the art" that are
necessary to prove anticipation and obviousness.  Insight also
contends that Dr. Wilson lacks expertise pertaining to patents
that would qualify him to give opinions on the issue of
unenforceability of the '901 patent.  SureFire counters that Dr.
Wilson's training and experience in mechanical engineering are
sufficient to support his opinions on the "relatively basic
mechanical engineering problems" involved in the '901 patent and
relevant prior art.

Dr. Wilson's background qualifies him to give opinions
about the mechanical functioning and similarities of particular
products, such as the opinions expressed in the last paragraph on
page three of his report, the second paragraph on page four, and
the first paragraph on page six.  "Rule 702 is not so wooden as
to demand an intimate level of familiarity with every component
of a transaction or device as a prerequisite to offering expert
testimony."  Microfinancial, Inc. v. Premier Holidays Int'l,
Inc., 385 F.3d 72, 80 (1st Cir. 2004).  His experience and
training do not qualify him, however, to give opinions as to
Glock's expectations and intent as in the paragraph at the bottom
of page four and top of page five and the first sentence in the
second paragraph on page six, or to define a product, drawing, or

concept as "prior art."  Therefore, Dr. Wilson is qualified to give some, but not all, of the opinions he expresses in his report.

    B.   <u>Opinion on Anticipation</u>

Insight contends that Dr. Wilson's opinion on anticipation is insufficient and irrelevant because he did not analyze the patent under the required legal standard.  SureFire argues that Dr. Wilson's report includes a sufficiently detailed analysis to support his opinion on anticipation.  SureFire also cites Dr. Wilson's deposition, as a whole, to show that his opinions are sufficiently disclosed and supported to be admissible.  Because SureFire failed to cite to specific pages or portions of Dr. Wilson's testimony, his deposition has not been considered in determining the admissibility of his opinions.

A claim that a patent is invalid due to anticipation is proved by showing, in detail, that each claim element is disclosed in a single prior art reference. <u>Koito Mfg. Co. v. Turn-Key-Tech., LLC</u>, 381 F.3d 1142, 1152 (Fed. Cir. 2004).  That showing is generally made through the testimony of "one skilled in the art" who identifies and interprets each claim element and "explains in detail how each claim element is disclosed in the prior art reference." <u>Schumer v. Lab. Computer Sys., Inc.</u>, 308

F.3d 1304, 1315 (Fed. Cir. 2002).  Merely conclusory testimony is insufficient to prove anticipation.  <u>Koito</u>, 381 F.3d at 1152.  In addition, one district court has held that expert opinion on anticipation that is not based on the required analysis is not admissible.  <u>Oxford Gene Tech., Ltd. v. Mergen Ltd.</u>, 345 F. Supp. 2d 431, 437 (D. Del. 2004).

Dr. Wilson states that claims 1-13, 17, 21-24, and 28 of the '901 patent were anticipated by "the SUSAT device."  Dr. Wilson did not identify and interpret the elements of any of the listed claims and no claim construction has been done by the court in this case.  He did not explain in detail how each element of the cited claims was disclosed in the SUSAT device.  Instead, he merely compared "the SUSAT sighting scope" to a product manufactured by Insight, the M3X Illuminator, using some of the language from some of the cited claims of the '901 patent, without specifically identifying any particular claim.  He concluded that "[t]he significant mechanical functional features [of the SUSAT and the M3X] are identical . . . [and that] the mechanical design of the M3X is simply a duplication of the mechanical attachment features of the SUSAT scope."  Wilson Report at 3-4.

Expert opinion "testimony is admissible only if it is both relevant and reliable."  <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526

U.S. 137, 141 (1999) (citing <u>Daubert</u>, 509 U.S. at 597).  Dr.
Wilson's opinion that claims 1-13, 17, 21-24, and 28 of the '901
patent are invalid due to their anticipation by the SUSAT device
is not based on the accepted method for determining anticipation.
Therefore, Dr. Wilson's conclusion that the '901 patent was
anticipated by the SUSAT scope is both irrelevant and unreliable
and not admissible.

In defense of Dr. Wilson's opinion on anticipation, SureFire
appears to argue that he would not testify about his ultimate
conclusion on anticipation but instead would testify about the
similarities between the SUSAT scope and the M3X Illuminator to
support parts of the anticipation analysis.  As Insight points
out, however, Dr. Wilson did not compare each element of any of
the cited claims to the SUSAT device.  Further, although he
acknowledged that the SUSAT device is mounted above the weapon's
barrel while the M3X device is located under the barrel, he
stated that the difference was "at best irrelevant" without
explaining his conclusion.

As noted in considering Kenneth Solinsky's opinion on
infringement, it is not clear how or whether any opinion on
anticipation is appropriate before the claims are construed by
the court.  Nevertheless, because Dr. Wilson's report discloses
his opinion on the similarities of the designs of the SUSAT and

14

the M3X and he is qualified to provide that opinion as a
mechanical engineer, he may give that opinion if it is relevant,
without any conclusion about anticipation.  Any infirmities in
that opinion may be explored and illuminated through vigorous
cross-examination.

    C.  Opinion on Obviousness

    Insight contends that Dr. Wilson failed to include an
opinion on obviousness in his report, precluding him from
testifying to such an opinion at trial.  Insight further contends
that the opinions in the obviousness section of Dr. Wilson's
report are not relevant because they are not based on the legal
standard for determining obviousness and that the report does not
provide sufficient support for his conclusions.  Insight asks
that the court exclude any testimony by Dr. Wilson on
obviousness.

    Although Dr. Wilson did not include a conclusion of
obviousness in the part of his report titled "Obviousness," he
did state in the "Introduction" that "I believe [the '901 patent]
is invalid by reasons of obviousness in view of prior art."
Wilson Report at 2.  Therefore, that opinion was disclosed in the
report.

    "A patent may not be obtained though the invention is not

identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."  35 U.S.C. § 103(a).  Because "[i]nventions typically are new combinations of existing principles or features," an invention is not obvious unless "an artisan of ordinary skill in the art at the time of the invention, confronted by the same problems as the inventor and with no knowledge of the claimed invention, would have selected the various elements from the prior art and combined them in the same manner."  Princeton Biochemicals, Inc. v. Beckman Coulter, Inc., 411 F.3d 1332, 1337 (Fed. Cir. 2005).  A party claiming patent invalidity due to obviousness must show that prior art in one or more references disclosed every element of the invention and that a suggestion or motivation existed to make the new combination.  See In re Kotzab, 217 F.3d 1365, 1370 (Fed. Cir. 2000).

Obviousness is a legal determination that is based on underlying factual findings.  Group One Ltd. v. Hallmark Cards, Inc., 407 F.3d 1297, 1303 (Fed. Cir. 2005).  The following factors are considered in deciding obviousness:  "(1) the scope

and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) the objective evidence of nonobviousness." Iron Grip Barbell Co., Inc. v. USA Sports, Inc., 392 F.3d 1317, 1320 (Fed. Cir. 2004).

In the section on obviousness in his report, Dr. Wilson reviews prior art and the level of ordinary skill in the art in the second paragraph on page four.  Excluding his opinion about Glock's expectation, Dr. Wilson continues to discuss prior art in the next paragraph on page four.  The last paragraph on page four discusses the suggestion and motivation for combining the known elements.  On page five, Dr. Wilson discusses prior art and gives his opinion that "Glock's design of its open rail with a cross slot provided the motivation to consider the above prior art examples."

Dr. Wilson properly gives his opinions about underlying factual matters related to obviousness that are within his area of expertise.  His opinion on the ultimate legal issue of obviousness, however, is not evidence and is not admissible at trial to the jury.  See Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1574 (Fed. Cir. 1993); Nutrition 21 v. United States, 930 F.2d 867, 871 n.2 (Fed. Cir. 1991).  Therefore, Dr. Wilson may testify to matters disclosed in his report that are within his

expertise and relevant to the issue of obviousness but he may not give his opinion on the ultimate issue of obviousness.

   D.   Opinion on Unenforceability

   Dr. Wilson states in his report that the '901 patent is not enforceable "as a result of Insight's failure to cite other devices having virtually identical operating characteristics and which existed well before the application for patent '901'." Wilson Report at 2-3.  He  cites a laser aiming module developed by Insight in 1992, the SOCOM LAM, which he describes as having "all of the mechanical features and characteristics described and claimed in the above referenced claims of the '901' patent." Wilson Report at 6.  Wilson does not cite any claims of the '901 patent in the unenforceability section of his report.  He interprets communications between Glock and SureFire as showing that the design of the mounting system of the '901 patent was obvious.  In conclusion, Dr. Wilson explains that he has not reviewed all of the prior art references cited in the '901 patent so that he "cannot offer an opinion as to whether the SOCOM LAM and Glock documents reflect earlier designs cited in other references."  Id.

   A claim that a patent is unenforceable due to the patent applicant's inequitable conduct during the prosecution of the

18

patent requires proof "'of affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive.'"   Dayco Prods., Inc. v. Total Containment, Inc., 329 F.3d 1358, 1362 (Fed. Cir. 2003) (quoting Purdue Pharma L.P. v. Boehringer Ingelheim GMBH, 237 F.3d 1359, 1366 (Fed. Cir. 2001)).   The materiality standard is not clearly established but has been interpreted as whether "a reasonable examiner would have considered such prior art important in deciding whether to allow the parent application."   Id. at 1362-63.   Information or prior art that is merely cumulative of cited references is not material.   GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1274 (Fed. Cir. 2001).   "Both intent and materiality are questions of fact that must be proven by clear and convincing evidence."   Id.

Based on Dr. Wilson's own disclaimer that he had not examined all of the prior art that was cited to the patent examiner, his opinion that the '901 patent is unenforceable due to inequitable conduct is not properly substantiated.   In addition, as Insight points out, Dr. Wilson cites no evidence of Insight's intent to deceive the patent office in its application for the '901 patent.   Therefore, Dr. Wilson's opinion of unenforceability is not reliable and is excluded.

Conclusion

For the foregoing reasons, the defendant's motion in limine to exclude the expert opinion testimony of Kenneth Solinsky (document no. 48) is denied.  The defendant's motion to exclude the expert opinion testimony of Alan Howe (document no. 47) is granted as is more fully explained in this order.  The plaintiff's motion in limine to exclude the expert opinion testimony of John A. Wilson (document no. 50) is granted in part and denied in part.  The defendant's motions to file replies (documents no. 60 and 61) are granted, and the replies filed were considered for purposes of this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 2, 2005

cc:  Thomas A. Brown, Esquire
     Laura L. Carroll, Esquire
     Gary A. Clark, Esquire
     Jonathan Hangartner, Esquire
     Lawrence K. Kolodney, squire
     Jennifer Rood, Esquire
     Craig R. Smith, Esquire
     Daniel E. Will, Esquire