UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Insight Technology, Inc.</u>


    v.                          Civil No. 04-cv-74-JD
                                 Opinion No. 2007 DNH 135

<u>SureFire, LLC</u>


<u>O R D E R</u>

Insight Technology, Inc. brings a patent infringement action against SureFire, LLC, alleging infringement of United States Patent Number 6,574,901 ("'901 patent").  The '901 patent is titled "Auxiliary Device for a Weapon and Attachment Thereof." Following claim construction, both Insight and SureFire have moved for summary judgment.  Each then moved to strike certain exhibits submitted by the other in support of and in opposition to summary judgment.


I.  <u>Insight's First Motion to Strike</u> (document no. 101)

Insight moves to strike the affidavit and its attachments submitted by SureFire's expert witness, John A. Wilson, and certain exhibits submitted with the affidavit of SureFire's counsel, Laura L. Carroll, filed in support of its motion for summary judgment.  In response, SureFire argues that no disclosure was required because the Wilson affidavit and the

attached animations are merely demonstrative evidence.  SureFire contends that Insight has waived its objections to the challenged exhibits to Carroll's affidavit, that the exhibits are admissible because they have been authenticated, that one challenged declaration was previously disclosed, and that the dates on certain documents are admissible.  Insight has filed a reply, which opposes SureFire's arguments.

A.   Affidavit of John A. Wilson

SureFire submitted the affidavit of its expert witness, John A. Wilson, which included a compact disc of animations, in support of its motion for summary judgment.  Insight contends that the affidavit and its animations must be stricken because the affidavit is based on undisclosed expert opinions or, alternatively, because Wilson was not disclosed as a fact witness as required by Federal Rule of Civil Procedure 26(a)(1)(A). SureFire argues that Wilson's affidavit is merely authentication of the attached animations and that the affidavit is admissible under Federal Rule of Evidence 901(b)(1).  SureFire also asks that the animations be allowed even if the affidavit is stricken.

Wilson's affidavit describes seventeen animations of certain devices, submitted on a compact disc, which are:  "(1) the scope ring attachment mechanism disclosed in Great Britain Patent No.

13,444 . . .; (2) the compensator attachment mechanism disclosed
in U.S. Pat. No. 4,944,213 . . .; (3) the attachment mechanism
used on the SOCOM LAM battery case; (4) the attachment mechanism
used on by [sic] the Wilcox NightStalker System; (5) the
attachment mechanism used by Insight on its M3 lights, . . . ;
and (6) the Glock Slide Lock and GTL attachment mechanism."  Aff.
¶ 4.  In support of his statements about the animations, Wilson
explains that he was "retained by counsel for SureFire, LLC
("SureFire"), defendant in this action, to analyze and offer
expert opinions regarding a patent assigned to the plaintiff,
Insight" and refers to his expert report.  Wilson also provides
his professional qualifications and states that he is "familiar
with the various mechanical devices referenced in SureFire's
Motion for Summary Judgment, and understand[s] the mechanical
operation of each device depicted in the animations."  Id.  He
then identifies the devices and mechanisms used in the animations
and explains the operations shown.

SureFire argues that Wilson's affidavit is not expert
testimony but instead is merely used to authenticate the
animations as required by Federal Rule of Evidence 901.  Rule 901
states that "[t]he requirement of authentication or
identification as a condition precedent to admissibility is
satisfied by evidence sufficient to support a finding that the

matter in question is what its proponent claims" and provides examples of such evidence.  Rule 901 does not, as SureFire contends, make authentication evidence admissible.

The information provided in the affidavit, as Wilson states, is based on his professional expertise and his familiarity with the devices shown in the animations.  A witness is an expert, governed by Federal Rule of Evidence 702 and subject to disclosure requirements, if his "testimony is based on 'technical' and 'other specialized knowledge.'"  Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999) (quoting Rule 702); see also Freedom Wireless, Inc. v. Boston Commc'ns, 369 F. Supp. 2d 155, 158 (D. Mass. 2005).  In contrast, a witness who is not testifying as an expert is limited to providing opinions and inferences that do not require technical or specialized knowledge.  Fed. R. Evid. 701.

Wilson's affidavit provides his expert opinion about what is being shown in the animations.  SureFire does not contend that those opinions were disclosed as required by Rule 26(a)(2). Insight asserts that the opinions must be stricken.

"The expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them."  Lohnes v. Level 3 Commc'ns., Inc., 272 F.3d 49, 60 (1st Cir. 2001); see also 02 Micro Int'l Ltd. v.

Monolithic Power Sys., Inc., 467 F.3d 1355, 1368 (Fed. Cir. 2006).[1]  A party who fails to disclose information required from an expert witness, without substantial justification, will not be permitted to use that evidence for purposes of summary judgment unless the failure to disclose was harmless.  Fed. R. Civ. P. 37(c); Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004). It is the proponent's burden to show that failure to comply with expert disclosure was substantially justified or harmless. Primus v. United States, 389 F.3d 231, 234 (1st Cir. 2004); Cell Genesys, Inc. v. Applied Research Sys. ARS, 499 F. Supp. 2d 59, 80 (D. Mass. 2007).

SureFire states that its failure to disclose Wilson's new opinions are harmless because "[t]hese animations depict devices which are well know to Insight and have been the subject of this litigation since the outset."  Obj. to Motion to Strike at 4. SureFire explains that Wilson's new opinions "simply illustrate the operation of these devices more clearly that [sic] even the devices themselves."  Id.  Insight objects to Wilson's opinions

---

[1]Because "[e]videntiary rulings do not generally raise issues unique to patent law, . . . [the Federal Circuit] applies the law of the appropriate regional circuit to such procedural rulings."  Honeywell Int'l Inc. v. Univ. Avionics Sys. Corp., 488 F.3d 982, 994 (Fed. Cir. 2007).

and asserts prejudice based on lack of notice that prevented
Insight from deposing Wilson on these subjects.

SureFire has not shown that Insight would not be prejudiced
by allowing Wilson's new opinions.  In fact, SureFire's
statement, that Wilson's opinions illustrate the operation of the
devices in the animations "more clearly," highlights the
prejudice that his testimony would cause.  SureFire does not
suggest that its failure to disclose was justified, and because
SureFire was aware of the devices depicted in the animations
since the beginning of the litigation, no justification for the
delay is apparent.  Therefore, Wilson's affidavit is stricken and
will not be considered for purposes of summary judgment.

To be admissible, the animations must be authenticated by
independent evidence or be self-authenticating.  Fed. R. Evid.
901; Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 559 (D. Md.
2007) ("Courts generally have allowed the admission of computer
animations if authenticated by testimony of a witness with
personal knowledge of the content of the animation, upon a
showing that it fairly and adequately portrays the facts and that
it will help to illustrate the testimony given in the case.").
In the absence of Wilson's explanations, the animations are
unauthenticated drawings of unidentified devices.  Therefore, the
animations are not competent to support SureFire's motion for

summary judgment.  See <u>Gorski v. N.H. Dep't of Corrs.</u>, 290 F.3d 466, 475-76 (1st Cir. 2002) (holding that for summary judgment party "must proffer admissible evidence that could be accepted by a rational trier of fact as sufficient to establish the necessary proposition").

B.  <u>Attachments to Carroll Affidavit</u>

Insight moves to strike certain exhibits attached to Laura Carroll's affidavit as hearsay, lacking authentication, and because the witness was not disclosed.  SureFire responds, arguing that Insight has waived its objections by failing to raise them previously, that the challenged documents were previously authenticated, and that some documents fall into an exception to the hearsay rule.

1.  <u>Waiver</u>

SureFire asserts that the challenged documents have been used in support of other motions in this case and in the related case, <u>Insight Tech., Inc. v. Glock Ges.m.b.H.</u>, 03-cv-253-JD (stipulation of dismissal entered June 18, 2007), without objection from Insight.  SureFire contends that Insight has waived its current objections to the documents by failing to raise them previously.  In support of its waiver theory, SureFire

cites The Lexington Children's Ctr. v. Dist. Council 1707, 2004
WL 540475 at *3, n.3 (S.D.N.Y. March 17, 2004), in which the
court held that work product immunity was waived by plaintiff's
counsel when the letter in question was given to the defendant
and that failure to object on hearsay grounds at a hearing waived
the objection for purposes of the preliminary injunction
proceeding.  SureFire also cites cases providing the well-settled
rule that a party's failure to object to evidence at trial
forecloses the party's opportunity to challenge the evidence on
appeal.  See United States v. Newton, 891 F.2d 944, 948 (1st Cir.
1989).

     Neither case stands for the proposition SureFire asserts
here.  The work product privilege discussed in Lexington
Children's was waived by disclosing the confidential document to
the defendant, not by failing to raise an objection.  See United
States v. M. I. T., 129 F.3d 681, 687 (1st Cir. 1997) (explaining
work product privilege).  The hearsay objection in Lexington
Children's was waived for purposes of the preliminary injunction
proceeding because it was not raised at the hearing.  Similarly,
objections to evidence submitted for purposes of supporting or
opposing summary judgment are waived if not raised in that
context.  See Perez v. Volvo Car Corp., 247 F.3d 303, 314-15 (1st

8

Cir. 2001).  Because this case is not on appeal, the First
Circuit's raise or waive rule does not apply here.

In the absence of controlling or at least persuasive
authority to support SureFire's waiver theory, the court will not
deem waived any objections that were not previously made in the
in this case or the Glock case.

### 2.  Hearsay Documents

Insight challenges Exhibits I, J, K, L, M, N, O, EE, and MM
submitted with Laura Carroll's affidavit as inadmissible hearsay.
The challenged documents are letters and facsimile communications
between Glock Austria and Glock U.S. and with SureFire.  SureFire
does not dispute that the documents are hearsay but instead
asserts that the documents have been authenticated in the context
of other motions and are otherwise admissible.

Hearsay is an out-of-court statement "offered in evidence to
prove the truth of the matter asserted."  Fed. R. Evid. 801(c).
Hearsay that is not within an exception to that rule is not
admissible.  United States v. Rivera-Hernandez, 497 F.3d 71, 80
(1st Cir. 2007).  In contrast, authenticity under Federal Rule of
Evidence 901 is a separate requirement that a proponent of
evidence show that the document is what it purports to be.  See,
e.g., United States v. Vigneau, 187 F.3d 70, 78 n.7 (1st Cir.

9

1999); <u>United States v. McMahon</u>, 938 F.2d 1501, 1508 (1st Cir. 1991).  Even if the authenticity of documents is established, the content, nevertheless, may be inadmissible hearsay.  <u>United States v. Tajeddini</u>, 945 F.2d 458, 464-65 (1st Cir. 1991) (abrogated on other grounds by <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000)).

SureFire contends that Exhibit EE is a marketing study produced for Insight and states that "clearly Insight's reliance and use of that information is admissible, as is the date of that study."  Obj. at 7.  Although far from clear, it appears that SureFire concedes that the document is hearsay and proposes to use only the date of the document and evidence that Insight relied on it.  Because the document is hearsay, it is inadmissible.  Whether other evidence related to the document is admissible is not sufficiently presented to allow a ruling.

With respect to Exhibit MM, SureFire asserts that it is a business record within the business records exception to the hearsay rule.  Under Federal Rule of Evidence 803(6), "business records are not excluded by the rule against hearsay 'if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the  . . . record . . . unless the source of the information or the method or circumstances of preparation indicate lack of

trustworthiness.'"   <u>United States v. Munoz-Granco</u>, 487 F.3d 25, 38 (1st Cir. 2007) (quoting Rules 803(6)).  "A party who seeks admission of hearsay evidence bears the burden of proving each element of the exception that he asserts."  <u>United States v. Bartelho</u>, 129 F.3d 663, 670 (1st Cir. 1997).

Exhibit MM is a letter bearing a letterhead of Wilcox Industries Corp. from James W. Teetzel, President of Wilcox, to Peter Brock at Glock Gesellschaft m.b.h. with several drawings and a price sheet.  SureFire asserts that the requirements of Rule 803(6) are met because the letter with its attachments was produced by Wilcox in response to a subpoena issued by Insight in the <u>Glock</u> case.  That does not satisfy the requirements of Rule 803(6), however, and SureFire offers nothing else to satisfy its burden of showing that Exhibit MM falls within the Rule 803(6) exception.  Therefore, the letter, with its attachments, is excluded.

### 3.  Exhibit KK

Insight moves to strike Exhibit KK, which Carroll's affidavit identifies as marketing material, for lack of authentication.  Insight contends that Carroll lacks personal knowledge of Exhibit KK and, therefore, cannot provide authentication required under Federal Rule of Evidence 901.

SureFire responds that Exhibit KK was produced to Insight in
response to a subpoena in the <u>Glock</u> case.

Rule 901(a) requires the proponent of evidence to identify
it by providing independent evidence that is "sufficient to
support a finding that the matter in question is what its
proponent claims."  Although not clearly raised, SureFire may be
implying that Exhibit KK does not need authentication because
Insight knows what it is.  The purpose of the rule, however, is
to support a <u>finding</u> that the evidence is what its proponent
claims not merely to identify the evidence for the opposing
party.  Therefore, SureFire has not satisfied Rule 901(a) by
providing the affidavit of its counsel or Insight's subpoena in
the <u>Glock</u> case for the documents in Exhibit KK.  Exhibit KK is
not admissible and is stricken.

### 4.  Robert Glock's Declaration

Insight moves to strike a declaration made by Robert Glock,
Exhibit F, in support of SureFire's motion for summary judgment
on the grounds that Glock was not identified as a witness as
required by Federal Rule of Civil Procedure 26(a)(1) and because
two sentences in paragraph five of the declaration are hearsay
and are not based on Glock's personal knowledge.  SureFire
responds that it identified Glock as a witness by submitting his

affidavit in support of a prior motion for summary judgment filed in March of 2005 and that SureFire could have but did not depose Glock in the related <u>Glock</u> case.[2]

For purposes of summary judgment, affidavits and declarations must be based on personal knowledge. <u>Perez</u>, 247 F.3d at 315. Personal knowledge, in this context, means knowledge of facts, not "conclusions, assumptions, or surmise." <u>Id.</u> at 316. Affidavit statements that report conversations with others must be sufficiently specific as to who, when, and what to support a conclusion that the declarant has personal knowledge of what he describes. <u>Id.</u>

SureFire does not respond to Insight's opposition to Glock's statements in paragraph five of his declaration. Glock's challenged statement is: "Based on my conversations with my father, other engineers at Glock Austria, and members of the Austrian military, I can attest that using a spring biased mechanism for this purpose was common knowledge at Glock Austria well before 1997." Carroll Aff., Ex. F. While the statement is specific as to the conclusion Glock reached, it does not repeat the factual basis for that conclusion or provide dates for the conversations. As such, the statement is a conclusion based on

---

[2]SureFire's prior motion for summary judgment was denied without prejudice on June 14, 2005.

the knowledge of others, which is not admissible for purposes of summary judgment.

Insight also seeks to strike the entire affidavit based on SureFire's failure to identify Glock as a witness under Rule 26(a)(1) and contends that submission of Glock's declaration in March of 2005 in support of the prior motion for summary judgment was insufficient.  Insight points out that fact discovery closed in this case in December of 2004, which would have prevented a deposition of Glock in March of 2005.  Insight contends that it could not have deposed Glock in the related <u>Glock</u> case for purposes of this case.

The order allowing the parties in this case to use evidence adduced in the related <u>Glock</u> case was entered December 8, 2006, after the parties in that case entered a settlement agreement in October of 2006.  SureFire does not explain how that order would have permitted Insight to depose Glock in the <u>Glock</u> case for purposes of responding to his declaration submitted in this case in March of 2005.  Therefore, as submitted in support of summary judgment, Glock's declaration is stricken.

### 5.  Dates on Documents

Insight challenges the dates on all exhibits as hearsay in the absence of evidence to establish the date on which the

document was created or transmitted.  SureFire responds with
evidence about the dates of some of the documents based on
materials previously submitted in this case.

Dates on letters or other documents, when offered to prove
the truth of the date, are inadmissible hearsay unless an
exception applies or the date can be proven by other means.
See, e.g., Lozano v. Ashcroft, 258 F.3d 1160, 1166 n.6 (10th
Cir. 2001); United States v. McCulley, 178 F.3d 872, 876 (7th
Cir. 1999);  Hill v. Citibank Corp., 312 F. Supp. 2d 464, 474
(S.D.N.Y. 2004); Hilgraeve, Inc. v. Symantec Corp., 271 F.
Supp. 2d 964, 974 (E.D. Mich. 2003).  SureFire has provided
sufficient evidence as to the dates of Exhibits I and J, based
on testimony of the letters' recipients.  Otherwise, SureFire
has not proven the dates, and the hearsay rule applies.


II.  Insight's Second Motion to Strike (document no. 114)

Insight moves to strike an affidavit from SureFire's
expert witness, John A. Wilson, submitted by SureFire in
opposition to Insight's motion for partial summary judgment on
infringement.  Insight contends that because Wilson failed to
disclose his opinions on infringement as required by Rule
26(a)(2), those opinions must be stricken.  SureFire objects to
the motion, asserting that Wilson was not yet required to

15

disclose his opinions and that Insight has suffered no prejudice.

In the parties' discovery plan, approved by the court on May 28, 2004, they agreed and the court ordered that initial expert reports on matters that the party bore the burden to prove were due on January 10, 2005. Rebuttal expert reports, limited to the subjects addressed in the initial reports, were due on February 2005. On December 1, 2004, Insight propounded an interrogatory to SureFire asking for identification of every person SureFire intended to have offer expert testimony concerning noninfringement in this case. SureFire responded by saying that Insight was seeking the information prematurely and that SureFire would provide expert information as required by the Federal Rules of Civil Procedure. Insight did not move to compel an answer.

Insight designated its founder and president, Kenneth Solinsky, as an expert witness on infringement, but he did not provide an expert report because Insight asserted he was an employee who did not regularly give expert testimony. <u>See</u> Fed. R. Civ. P. 26(a)(2)(B); <u>see also</u> Order (doc. no. 69), Aug. 2,

2005, at *3.  As a result, SureFire did not produce a rebuttal
expert report from Wilson on infringement.[3]

Insight's counsel deposed Wilson on March 14, 2005.  As
part of the deposition, counsel asked Wilson whether he had
compared SureFire's products to claims in the '901 patent for
purposes of determining whether they infringed.  SureFire's
counsel objected, stating:  "as you know, we've given notice
that Dr. Wilson may be offered as a rebuttal witness on issues
of infringement.  At this point, absent a report from Insight
setting forth the opinions of Insight's expert, we're not
prepared to offer Dr. Wilson for deposition on issues of
infringement today."  Insight's counsel persevered.  He then
asked Wilson a series of questions about comparing the SureFire
device and the Insight device, and Wilson answered those
questions.  Although SureFire's counsel continued to object to
questions that asked for opinions on infringement, Wilson
testified about how the SureFire and Insight devices worked.

The confused situation here highlights the pitfalls of the
litigation tactics employed in this case.  Because the rules
did not require it, Insight did not provide an expert report on

---

[3]There appears to be no dispute that Wilson was identified
as a rebuttal expert on infringement.  <u>See</u> Fed. R. Civ. P.
26(a)(2)(a).

infringement, despite planning to offer expert testimony on
that topic at trial.  See Fed. R. Civ. P. 26(a)(2)(B).  Because
Insight did not submit an expert report on infringement, the
deadline in the discovery plan for submitting rebuttal expert
opinion was never triggered.  The default schedule provided by
Federal Rule of Civil Procedure 26(a)(2)(C), states that an
expert opinion "intended solely to contradict or rebut evidence
on the same subject matter identified by another party under
paragraph (2)(B), [must be disclosed] within 30 days after the
disclosure made by the other party."  That schedule also does
not appear to apply here, because Insight's expert opinion was
not provided under Rule 26(a)(2)(B).  Therefore, SureFire
apparently was not obligated to disclose Wilson's opinion on
infringement.

Even if the Rule 26(a)(2) disclosure requirement applied
to Wilson's infringement opinion, SureFire has shown that the
unusual procedure with respect to the infringement opinions
substantially justified its failure to provide a report from
Wilson on infringement.  Wilson's deposition covered at least
some of the infringement issues, including the function of the
Insight device and the SureFire device and whether there were
any significant differences between them.  SureFire's counsel,

18

however, would not allow Wilson to give his opinion as to whether SureFire's device infringed the '901 patent.[4]

In his affidavit, Wilson compares SureFire's devices to claim one in the '901 patent, as described in the embodiment section of the patent, and finds differences between them. Wilson does not give an opinion that SureFire's devices do not infringe the '901 patent.  It appears, therefore, that Wilson's deposition covered the same ground as his affidavit, preventing prejudice to Insight.  Because Wilson was not required to provide an expert report on his rebuttal opinion and alternatively because the lack of a report was substantially justified and Insight suffered no prejudice, Wilson's opinions on infringement are not stricken.

III.  <u>SureFire's Motion to Strike</u> (document no. 118)

SureFire moves to strike certain paragraphs in the declaration submitted by Kenneth Solinsky in support of Insight's objection to SureFire's motion for summary judgment. SureFire contends that the challenged paragraphs provide opinions that were not disclosed and that parts of the

---

[4]Although Wilson might have been obligated to answer questions about his infringement opinion during the deposition, Insight did not move to compel that testimony.  Therefore, that issue is not before the court at this time.

declaration are improper opinion.  SureFire also challenges

three paragraphs in the declaration of Alan T. Howe submitted

by Insight in opposition to SureFire's motion for summary

judgment.

A.   <u>Solinsky Declaration</u>

    1.  <u>Failure to disclose</u>

    SureFire asserts that portions of Solinsky's declaration

must be stricken because "[n]one of these opinions has

previously been disclosed in this case."  Mot. to Strike at 3.

As is discussed above and in the court's order issued on August

2, 2005, because Solinsky is an Insight employee whose job does

not regularly involve providing expert testimony, Insight was

not required to produce an expert report from him.  Fed. R.

Civ. P. 12(a)(2)(B).  Therefore, Federal Rule of Civil

Procedure 37(c) does not apply to the circumstances presented

here.

    SureFire also asserts that three devices discussed in

Solinsky's opinion "were never produced or even disclosed in

this action" and moves to strike the opinions because Solinsky

was not deposed on those subjects.  Mot. to Strike at 6.  The

only support SureFire offers is that use of his opinion

"concerning these devices at this time is simply unfair."  <u>Id.</u>

at 7.  Arguments that something is "simply unfair," without
supporting legal authority, are not persuasive.  See, e.g.,
Mitchell v. City of Moore, Okla., 218 F.3d 1190, 1204 (10th
Cir. 2000); Bowman v. Morgan, 2006 WL 2348630 at *3 (S.D. Ala.
Aug. 11, 2006).

### 2. Inconsistent with prior testimony.

SureFire contends that because no expert report was
provided, it had to rely on Solinsky's deposition to elicit his
opinions and faults Solinsky for failing to offer the opinions
that now appear in his affidavit.  SureFire asserts that
Solinsky's failure to discuss certain opinions at his
deposition is inconsistent with his affidavit.  SureFire,
however, has failed to show that the affidavit conflicts with
prior "clear answers to unambiguous questions" at his
deposition.  Colantuoni v. Alfred Calcagni & Sons, Inc., 44
F.3d 1, 4-5 (1st Cir. 1994).  Therefore, no basis exists to
strike the challenged opinions because of a conflict with prior
testimony.

### 3.  Improper opinion

Parts of Solinksy's declaration, SureFire contends, merely
adopt the opinions in the rebuttal expert report provided by

Insight's retained expert witness, J. B. Wood, in the <u>Glock</u>
case.  SureFire asserts that Wood's report was written by
counsel, and that based on the similarities, counsel also
prepared Solinsky's declaration.  Insight responds that
Solinsky is not barred from agreeing with Wood and counsel may
properly assist an expert in preparing an expert report and a
declaration.

Counsel may assist or participate in the preparation of an
expert report as long as the report meets the requirements of
Rule 26(a)(2) and is signed by the expert.  <u>See</u> <u>Lehman Bros.</u>
<u>Holdings, Inc. v. Laureate Realty Servs., Inc.</u>, 2007 WL
2265199, at *2 (S.D. Ind. Aug. 6, 2007).  Counsel's
participation in the preparation of a report is not grounds to
bar the expert's testimony but may undermine the weight that
should be afforded the opinion.  <u>Elm Grove Coal Co. v.</u>
<u>Director, O.W.C.P.</u>, 480 F.3d 278, 301 n. 23 (4th Cir. 2007).
On the other hand, an expert is generally expected to provide
substantial input to his affidavit or report so that an
affidavit or report prepared entirely by counsel may be
excluded.  <u>See, e.g.</u>, <u>Loeffel Steel Prods., Inc. v. Delta</u>
<u>Brands, Inc.</u>, 387 F. Supp. 794, 808 (N.D. Ill. 2005).
Similarly, a disclosed expert cannot provide the opinions of
another non-disclosed expert.  <u>Dura Auto. Sys. of Ind., Inc. v.</u>

CTS Corp., 285 F.3d 609, 614 (7th Cir. 2002) (holding that expert cannot give opinion that is "just parroting the opinion of [another] expert"); Bouygues Telecom, S.A. v. Tekelec, 472 F. Supp. 2d 722, 728 (E.D.N.C. 2007).

The testimony from Wood's deposition that SureFire cites to show that counsel, not Wood, prepared his report describes a process in which Wood discussed his opinions with counsel and counsel recorded the opinions, sometimes rephrasing Wood's statements in "patent language." The collaborative process described does not establish that counsel, not Wood, was the source of the opinions in the report.

SureFire contends that the opinions Solinsky provides in paragraphs 16, 17, 19–24, and 27 of his declaration are Wood's opinions, not his own, based on the similarity of paragraphs 19–24 to Wood's rebuttal report. Insight first defends the similarity by explaining that Solinsky agrees with Wood's opinions and is expressing consistent opinions. Insight then asserts that the similar paragraphs do not present opinion testimony but instead "are merely factual descriptions of devices found in the prior art" and acknowledges that Solinsky's declaration "include[s] a few factual paragraphs from Mr. Wood's report." Surreply at 3.

Paragraphs 19 through 23 of Solinsky's declaration are identical to paragraphs on pages 3 through 6 of Wood's rebuttal report.  Like the "factual descriptions" provided by SureFire's expert, John Wilson, for the animations of certain devices, which Insight moved to have stricken as undisclosed expert opinion testimony, Solinsky's statements in paragraphs 19 through 23 also provide expert testimony, based on his specialized knowledge and experience, about the devices in question.  That testimony, however, is from Wood, not from Solinsky, and those statements cannot be parroted in Solinsky's declaration.

Therefore, paragraphs 19 through 23 of Solinsky's declaration are stricken.  The opinions stated in the other challenged paragraphs are not taken from Wood's report and are not stricken.

B.  <u>Alan Howe Declaration</u>

Alan Howe has been the director of business development at Insight since 1999 and provided a declaration in support of Insight's objection to SureFire's motion for summary judgment. SureFire moves to strike paragraphs 6, 7, and 9 of Howe's declaration on the grounds that those statements are not based on Howe's personal knowledge but instead are merely opinions

provided by Insight's counsel.  Insight objects to the motion, arguing that Howe is well qualified to give opinions on the challenged matters.

In paragraph 3, Howe explains that he has "responsibility for marketing Insight's commercial product line."  He follows the market for similar devices, monitors Insight's competitors' products, and needs to understand the marketing and distribution channels for Insight's commercial products.  He states that because of his work he has personal knowledge about the introduction and marketing of Insight's Slide-Lock tactical illumination products, including the market response to the products and the product features that have been successful.

In paragraph 6, Howe explains that in 1998 when Insight's M3, with Slide-Lock technology, was introduced, few gun owners and law enforcement agencies had weapons that were compatible with the Slide-Lock technology.  After 1998, gun purchasers were aware of the Slide-Lock and most gun manufacturers developed compatible systems.  Par. 7.  In paragraph 9, Howe states that the Slide-Lock technology allowed Insight to break into the market.  He further states: "In my opinion, the Slide-Lock mounting system has been, and continues to be, a primary driver of the commercial success of Insight's products featuring that system."  Par. 9.

25

Based on Howe's position at Insight and his awareness of marketing and distribution of Insight's products and those of its competitors, his opinions in the challenged paragraphs are not necessarily outside of his personal knowledge.  Because Howe is an Insight employee, his laudatory view of Insight and its products is not surprising nor particularly persuasive.  No basis, however, exists to strike the statements.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to strike (document no. 101) is granted as to the affidavit of John Wilson and the attached animations (exhibit 2 and 3 to document no. 97); Exhibits I, J, K, L, M, N, O, EE, and MM; Exhibit KK; Exhibit F; and all dates on documents submitted by SureFire in support of summary judgment except dates on Exhibits I and J.  The plaintiff's motion to strike (document no. 114) is denied.  The plaintiff's motion to file a surreply (document no. 133) is granted.  The defendant's motion to

26

strike (document no. 118) is granted as to paragraphs 19

through 23 of Solinsky's declaration and is otherwise denied.


        SO ORDERED.

                          _____
                          Joseph A. DiClerico, Jr.
                          United States District Judge

November 1, 2007

cc:  Thomas A. Brown, Esquire
     Laura L. Carroll, Esquire
     Gary A. Clark, Esquire
     Jonathan Hangartner, Esquire
     Lawrence K. Kolodney, Esquire
     Diane A.D. Noel, Esquire
     Jennifer Rood, Esquire
     Jonathan M. Shirley, Esquire
     Craig R. Smith, Esquire
     Daniel E. Will, Esquire

27