UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Insight Technology, Inc.

    v.                          Civil No. 04-cv-74-JD

SureFire, LLC


O R D E R

After the court's order on claim construction issued, the parties engaged in mediation, which ultimately failed. On January 18, 2007, the court granted SureFire, LLC's motion for leave to file a motion for summary judgment and provided both SureFire and Insight Technology, Inc. an opportunity to file motions for summary judgment on or before March 15, 2007. Both parties filed timely motions.

The motions for summary judgment, however, led to motions to strike supporting materials filed by both parties.[1] On November 1, 2007, the court granted in part the motions to strike. Because the pending motions for summary judgment were based in part on evidence that had been stricken, they were left partially unsupported. The court stated that it would "not screen the motions to exclude stricken evidence or determine whether

---

[1] At every step, the parties have filed replies and surreplies, which has extended the time for consideration of the motions by months.

competent evidence remains to support them, which is an undertaking best left to counsel who are familiar with the claims."  Order, Jan. 30, 2008.

The pending motions for summary judgment were denied without prejudice "to refile redacted versions of the <u>same</u> motions, if appropriate, omitting the evidence that has been stricken from the record and the arguments that depend upon that evidence."  <u>Id.</u>  SureFire's pending motion to supplement its motion for summary judgment was denied as moot because the motion for summary judgment had been denied.  The court also advised the parties to assess the strength of their claims and defenses and to discuss the possibility of settlement before expending additional resources on further motion practice.

Despite the court's advice, the parties have refiled motions for summary judgment and more motions to strike.  A preliminary review of the parties' motions to strike and of their refiled motions for summary judgment indicates that counsel misunderstood the court's prior order.

The deadline for filing motions for summary judgment was March 15, 2007.  Therefore, no new theories, arguments, claims, defenses, or evidence could be offered in support of summary judgment after that date, absent a motion for leave to do so that

was granted by the court.  The court has not granted any such motion.[2]

The parties were given an opportunity to refile the <u>SAME</u> motions that were filed on March 15, 2007, with the stricken evidence redacted, <u>if</u> the then-existing record without the stricken evidence was sufficient to support the motion.  The parties were not given leave to begin again with a new motion, new evidence, new arguments, or to otherwise reconfigure their motions.

We will try again.  The parties were given leave to refile the motions filed on March 15, 2007, with all evidence that was stricken by the court's order dated November 1, 2007, redacted.  Any argument, theory, claim, or defense that no longer had record evidence sufficient to support or oppose summary judgment should have been omitted from subsequent filings.  Because both parties failed to comply with that direction, the pending motions for summary judgment must be stricken.  The pending motions to strike are denied as moot.

Counsel shall review the motions and supporting materials filed on March 15, 2007.  All evidence that was stricken by the

---

[2]SureFire mistakenly interpreted the court's order denying as moot its previous motion to supplement.  The motion was denied, not granted, and therefore, SureFire did not have leave to supplement its motion.

court's order issued on November 1, 2007, must be redacted.  If the March 15, 2007, motion with the remaining record evidence remains viable, despite redaction of the stricken evidence, it may be refiled.  No new evidence, theories, arguments, or any other new material may be added to the motions absent an order of the court granting leave to supplement.

An exception to that rule exists for the narrow purpose of addressing the legal issue of obviousness.  On April 30, 2007, the Supreme Court issued <u>KSR Int'l Co. v. Teleflex Inc.</u>, 127 S. Ct. 1727 (2007), which modified the legal standard applied to determine obviousness under 35 U.S.C. § 103.  <u>See</u> <u>In re Translogic Tech., Inc.</u>, 504 F.3d 1249, 1259-60 (Fed. Cir. 2007) (explaining import of <u>KSR</u> decision).  The parties are granted leave to conform their discussion of obviousness to the <u>KSR</u> standard.  Leave is not granted to supplement the evidentiary support for that part of the parties' motions and responses.

If good cause exists to do so, a party may file a motion for leave to supplement its redacted March 15 motion.  Unless such a motion is granted, however, the refiled motions shall be <u>identical</u> to the motions filed on March 15, 2007, with stricken evidence omitted or redacted, except that any discussion of obviousness may reflect the standard announced in <u>KSR</u>.

<u>Conclusion</u>

For the foregoing reasons, the parties' motions for summary judgment (documents no. 141 and 142) are denied.  The parties' motions to strike (documents no. 146, 163, and 173) are denied as moot.

The parties are granted leave to file motions for summary judgment, as described in this order, and in compliance with the following schedule.  Any motion to supplement a party's March 15, 2007, motion for summary judgment shall be filed **on or before August 6, 2008.**  Responses to motions to supplement shall be filed **on or before August 15, 2008.**  The time for filing motions for summary judgment will be set following resolution of any motions to supplement.

SO ORDERED.

                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

July 22, 2008

cc:  Thomas A. Brown, Esquire
     Laura L. Carroll, Esquire
     Jonathan Hangartner, Esquire
     Lawrence K. Kolodney, Esquire
     Diane A.D. Noel, Esquire
     Jonathan M. Shirley, Esquire
     Craig R. Smith, Esquire
     Daniel E. Will, Esquire