```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Insight Technology, Inc.

   v.                                Civil No. 04-cv-74-JD
                                             Opinion No. 2008 DNH 187

SureFire, LLC


                            O R D E R


     Insight Technology, Inc. brings a patent infringement action against SureFire, LLC, alleging infringement of United States Patent No. 6,574,901 ("'901 patent"). The court issued its claim construction order on February 28, 2006. The parties were granted leave to file summary judgment motions by March 15, 2007.

     After the court granted, in part, the parties' motions to strike materials filed in support of their motions for summary judgment, the pending motions were denied without prejudice to refile redacted versions of the same motions. The parties were directed to omit any argument, theory, claim, or defense that no longer had record evidence sufficient to support or oppose summary judgment. SureFire moves for leave to supplement its motion for summary judgment to include evidence of alleged prior art, examples of accused devices and alleged prior art, and new supporting evidence to replace the stricken evidence. Insight objects to SureFire's motion.

Federal Rule of Civil Procedure 16(b) requires a scheduling order that limits the time to complete discovery and file motions. Fed. R. Civ. P. 16(b)(1) & (3)(A). Under the scheduling orders in this case, fact discovery closed on December 10, 2004, and all discovery closed on March 10, 2005. The deadline for filing motions for summary judgment was March 15, 2007.

The court is afforded discretion to enforce reasonable filing deadlines established through scheduling orders. Perez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533 (1st Cir. 2006). "The deadlines established in the scheduling order may be extended on a showing of good cause." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008). The good cause standard under Rule 16(b)(4) "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir v. Girl Scouts of USA, 383 F.3d 7, 12 (1st Cir. 2004); see also L & C Consultants v. Ash Petroleum, 2008 WL 3884366, at *1 (N.D. Tex. Aug. 12, 2008) (good cause to extend scheduling order deadline for discovery "focuses on the diligence of the party seeking to modify the scheduling order"); Taurus IP, LLC v. DaimlerChrysler Corp., 559 F. Supp. 2d 947, 975 (W.D. Wis. 2008) (same); Davis v. Washington, 2008 WL 701576, at *1 (W.D. Wash. Mar. 13, 2008) (good cause for

extending time to file summary judgment motion "primarily considers the diligence of the party seeking the amendment").  In addition, the court considers factors such as "the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects."  Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003).

I.   SUSAT Device

SureFire moves for leave to supplement its motion for summary judgment to add four documents relating to a sighting scope for a British infantry rifle known as SUSAT (acronym for Sight Unit, Small Arms, Trilux).  SureFire contends that the evidence is necessary to supplement its claim that the '901 patent is invalid because of prior art.  According to SureFire, although it was aware of the SUSAT device when it filed its motion for summary judgment and had previously argued that the SUSAT was invalidating prior art, it lacked evidence to support the claim.  SureFire contends that after the summary judgment motion was filed, new documents came to light to support the claim that the SUSAT was invalidating prior art.

The four documents SureFire seeks to add to the summary judgment record are an article titled "Britain's New Battle

Rifle," published in the February 1985 issue of Guns & Ammo magazine; a United Kingdom Army parts list, showing a date of "Jan 89"; an "exploded view diagram of the SUSAT" from its manufacturer, United Scientific International, Ltd., and an article titled "British SA80 Rifles" from the December 2002 issue of Small Arms Review magazine.  Insight objects to the four documents due to their late production and on evidentiary grounds.

    A.   Amended Motion and Memorandum

As a preliminary matter, the court notes that SureFire did not raise the issue of the SUSAT device as prior art in its motion and memorandum in support of the motion for summary judgment.  Apparently, SureFire agreed with Insight that it lacked undisputed evidence to show that the SUSAT was prior art until it discovered the 1985 article and the United Kingdom parts list.  Therefore, SureFire's motion and memorandum do not include an argument of prior art based on the SUSAT.

    B.   Two Recently Discovered Documents

SureFire contends it did not find evidence to support its theory that the SUSAT was invalidating prior art until April of 2007 when it found the 1985 article in Guns & Ammo magazine and

the "Jan 89" United Kingdom parts list. Insight contends that SureFire failed to use reasonable diligence to find evidence of the SUSAT as prior art. Insight also contends that SureFire unreasonably delayed filing its motion to supplement its motion for summary judgment.

SureFire explains that in support of its opposition to Insight's motion for a preliminary injunction, filed on June 1, 2004, it relied on a fax from Michael I. Cooper of United Scientific Corporation (a manufacturer of the SUSAT and its attachment mechanism) to authenticate "an exploded view diagram of the attachment mechanism" for the SUSAT. Insight challenged the evidence as hearsay. SureFire states that it then worked with counsel to find additional documentation to show that the SUSAT was prior art.

SureFire's lead counsel, Jonathan Hangartner, states in his affidavit that documentary evidence of the SUSAT as prior art was difficult to find. His efforts consisted of inquiring of SureFire personnel. He states that SureFire's founder and president, John W. Matthews, and others at SureFire made further inquiries among their colleagues in the firearms industry. Hangartner also undertook "extensive documentary searches using various Internet resources including all of the major search engines and archival resources, direct contacts with major

industry trade publishers such as Jane's Defense, and wide-ranging inquiries to various private and public archives in the United States and Europe." Aff. ¶ 9. In particular, Hangartner states that he called the library and archives at West Point, the Smithsonian Institution, the museum maintained by the National Rifle Association, Colt Manufacturing, the British National Museum, and the British Royal Armouries. Those efforts failed to produce any additional evidence.

Matthews states in his affidavit that he attended a firearms industry conference in early 2007 and there happened to meet Ned Schear, who is associated with a company called Mounting Solutions. Matthews mentioned his interest in the SUSAT to Shear. On April 11, 2007, Shear called Matthews to tell him that he had copies of two documents related to the SUSAT, which were the 1985 article from <u>Guns and Ammo</u> magazine and the United Kingdom parts list. SureFire provides no information as to how Shear located the documents.

SureFire disclosed the new documents to Insight on April 28, 2007, and sought Insight's assent to a motion for leave to supplement SureFire's motion for summary judgment to add the new evidence, which was denied. SureFire moved to supplement its motion for summary judgment to add the new documents. While the motion to supplement was pending, the court granted in part the

parties' motions to strike certain evidence submitted in support of their pending motions for summary judgment and denied the pending motions without prejudice to refile without the stricken evidence and without arguments based on that evidence. SureFire's motion to supplement its motion for summary judgment was denied as moot.  SureFire filed the present motion to supplement in anticipation of refiling its original motion for summary judgment, as allowed by the court.

Insight contends that SureFire's efforts to locate evidence pertinent to its theory that the SUSAT constituted invalidating prior art were not diligent because it failed to use online electronic searches of technical literature such as the industry standard "DIALOG" service.  See TA Instruments, Inc. v. Perkin-Elmer Corp., 2000 WL 152130, at *4-*5 (D.Del. Jan. 24, 2000) ("A diligent prior art search in a patent case such as this would have included on-line electronic searches of databases containing technical literature relevant to the issues at bar [such as] . . . . DIALOG . . . ."  SureFire counters that it did the best it could and should not be required to search every possible source to show due diligence.

As described, SureFire's efforts to find the evidence to support its prior art theory were lackluster.  In fact, the discovery of the prior art evidence appears to have occurred

somewhat by chance, years after the close of discovery.  SureFire does not provide detail about what internet searches Hangartner undertook on its behalf, what results were obtained in the course of the search, or an explanation of why it ignored industry standard technical literature internet sites such as DIALOG.  As such, the record presented in support of the motion to supplement does not demonstrate the diligence necessary to show good cause to modify the scheduling order.

In addition, the time factor is not insignificant in this case.  The two new documents surfaced more than two years after the close of discovery and almost a month after the <u>extended</u> deadline for filing motions for summary judgment.  SureFire did not request additional time for discovery.  <u>See</u> Fed. R. Civ. P. 56(f).

This case is now more than four years old and is one of the oldest cases on the court's docket.  If SureFire were allowed to supplement its motion with the two new documents, Insight would require time for additional discovery to address the new evidence.  The time necessary for additional discovery and filing new motions for summary judgment would extend litigation for months if not as a much as a year.  SureFire has not provided good cause to justify such a delay in this case.

C.  Known Documents

SureFire also seeks leave to supplement its motion for summary judgment with two documents that it had before filing the motion, but did not include as support for the motion. The documents are a fax from United Scientific International who manufactured the SUSAT with an "exploded view" of the SUSAT and an article titled "British SA80 Rifles, the L85A1 and L86A1 LSW" from the December 2002 issue of Small Arms Review magazine. SureFire offers no good cause for its failure to raise the issue of the SUSAT as prior art based on this evidence in its motion for summary judgment.

In the absence of a showing of good cause, there is no basis to allow SureFire to supplement its motion with these documents. The documents are not allowed.

D.  SUSAT

SureFire seeks leave to offer a SUSAT device "as a demonstrative exhibit to help the Court understand the operation of the SUSAT mount disclosed in the prior art publications." SureFire does not explain, much less offer good cause, as to why it did not offer the SUSAT in support of its motion filed on March 15, 2007. Insight objects to the late introduction of the

9

SUSAT.  Lacking good cause to modify the deadline for filing the summary judgment motion, the SUSAT exhibit is not allowed.

II. Other Physical Evidence

SureFire asks that the record be supplemented to include certain devices as exhibits, which it now claims are "highly relevant" to its motion.[1]  SureFire candidly admits that when it filed its motion for summary judgment, it decided not to submit the physical devices as exhibits to the motion.  Instead, SureFire submitted animations of the devices.  The animations, however, were stricken in response to Insight's motion and are not part of the record.  SureFire now seeks to submit the devices themselves as substitute evidence for the stricken animations.  Insight objects.

To show good cause for the late introduction of the devices, SureFire argues that the devices "will be a significant aid to the Court in evaluating SureFire's motion for summary judgment."  Because the devices were not part of the original summary judgment record, however, if they were allowed now, they would be introduced without an explanatory context.  The devices, standing

---

[1] Although SureFire referred to nine devices, its counsel's affidavit and its reply addressed ten devices (including Exhibit CCC), and Insight also cites Exhibit CCC.

alone, are not likely to be significantly useful.  In addition, SureFire's piecemeal approach to providing support for its motion does not indicate the kind of diligence that is necessary to satisfy the good cause standard.

Further, although SureFire contends that all of the devices are admissible evidence, Insight asserts that most are not authenticated.  Insight challenges SureFire's counsel's attempt to authenticate on the ground that she did not show a basis for her knowledge.  Although SureFire states that the devices are authenticated by the deposition testimony of Paul Y. Kim, Chief Engineer at SureFire, and James W. Teetzel, the CEO and founder of Wilcox Industries Corporation, it did not cite to or provide copies of that testimony.  Instead, SureFire relies on new affidavits from Teetzel and Kim to authenticate the new exhibits. Insight objects to the new affidavits.

The new affidavits address seven of the ten proffered devices.  It is unclear what foundation, if any, exists for the others.

III.  New Affidavits

SureFire contends that the new affidavits from Kim and Teetzel merely "provide useful authenticating and explanatory testimony in a more convenient form" than their deposition

testimony.  Insight objects that SureFire has not shown good cause for the late introduction of the affidavits.  Insight also asserts that the affidavits include additional information, which was not part of their deposition testimony, and attempts to add undisclosed expert opinion.

To the extent SureFire addresses good cause at all, it explains that it did not include the affidavits with its motion for summary judgment because "it did not anticipate that Insight would aggressively challenge evidence which Mr. Kim and Mr. Teetzel had authenticated at their depositions."  SureFire's reference is unclear because the devices authenticated in the affidavits were not previously introduced.  Kim's and Teetzel's authentication of the devices, if any, in their depositions would not have been challenged previously, in the absence of the evidence that the affidavits address.  SureFire does not explain what other authentication was "aggressively challenged" that required new affidavits.  SureFire has not shown good cause for submitting the new affidavits.

Insight objects to Kim's discussion of the article from <u>Guns and Ammo</u> magazine.  Insight asserts that Kim was not disclosed as an expert witness in this case and objects to Kim's opinions in his affidavit about what the article discloses and his opinion that the mounting system disclosed in the article and the

mounting system used on the SUSAT scope are the same.  Because SureFire is not permitted to supplement the record to include the Guns and Ammo magazine article, Kim's opinions about the magazine article are not relevant.

Therefore, the affidavits are not allowed.  Without the affidavits, authentication is lacking for the devices, which are also not allowed.

IV.  NightStalker Evidence

SureFire seeks to supplement the record for summary judgment with a document and a fax cover sheet pertaining to a NightStalker laser sighting module.  SureFire states that it did not submit this evidence in support of its motion for summary judgment because it submitted other NightStalker materials.  When the submitted NightStalker materials were stricken by the court's order in July of 2007, however, SureFire decided to substitute the NightStalker document and fax sheet in place of the stricken evidence.

As the court has explained repeatedly in this case, after some of the submitted evidence was stricken in response to the parties' motions, the parties were directed to remove the stricken materials and refile their motions based on the record evidence, if the record still contained sufficient evidence to

support the motion. The court did not grant leave to reconfigure the motions with new arguments and new evidence to replace the evidence that was stricken. The NightStalker documents are not allowed.

## Conclusion

For the foregoing reasons, the defendant's motion to supplement (document no. 192) is denied.

The parties shall refile their motions for summary judgment, in accordance with the limitations imposed by the court's prior orders, **on or before October 24, 2008.**

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 2, 2008

cc: Thomas A. Brown, Esquire
    Laura L. Carroll, Esquire
    Jonathan Hangartner, Esquire
    Lawrence K. Kolodney, Esquire
    Diane A.D. Noel, Esquire
    Jonathan M. Shirley, Esquire
    Craig R. Smith, Esquire
    Daniel E. Will, Esquire