UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Insight Technology Incorporated</u>

  v.           Civil No. 04-cv-74-JD

<u>SureFire, LLC</u>

O R D E R

  Insight Technology Incorporated moves to strike the motion for summary judgment filed by SureFire, LLC.  The present dispute is a continuation of issues pertaining to motions for summary judgment filed by both parties on March 15, 2007.  In response to the parties' motions, supporting materials were stricken by court order.  In an effort to simplify the process for considering the motions after the materials were stricken, the court ordered the parties to file redacted versions of their papers.

  Instead of complying with the court's order, the parties took that opportunity to supplement and augment the motions and memoranda previously filed.  In an order issued on July 22, 2008, the court again explained the limitations imposed on refiling:

> The deadline for filing motions for summary judgment was March 15, 2007.  Therefore, no new theories, arguments, claims, defenses or evidence could be offered in support of summary judgment after that date, absent a motion for leave to do so that was granted by the court.

SureFire then moved for leave to supplement its motion with new evidence, which was denied.

The parties refiled their motions for summary judgment. Insight moves to strike SureFire's motion on the ground that SureFire, again, failed to merely redact the stricken materials and dependent arguments and instead submitted new citations and argument. SureFire responds that it redacted the stricken evidence, which left some factual statements unsupported, and that it then reviewed the evidence that remained "to determine if that factual statement was supported by other, non-stricken evidence. If it was, SureFire deleted the citation to stricken evidence, and provided a citation to non-stricken evidence."

SureFire contends that reconfiguring the motion and memorandum was within the limitations of the court's July 22, 2008, order because it did not use <u>new</u> evidence, but merely found new support in the existing record for previously stated facts and theories. In doing so, however, SureFire has filed a new and different motion than the motion that was timely filed on March 15, 2007, without leave to do so. When evidence is stricken from a motion and supporting memorandum, a party must proceed without the facts that lack support and their dependent theories and arguments. The court's order for redacted motions and memoranda did not grant the parties leave to reassess record evidence and

reconfigure the factual bases for their motions and the arguments arising from those facts.

Although it would be within the court's discretion to strike the nonconforming motion and memorandum, the court instead will strike the newly configured facts, citations, and theories. Therefore, the court will not consider the newly configured facts, citations, and theories that Insight has identified by highlights in SureFire's memorandum.  To the extent that arguments remain in SureFire's memorandum that are no longer factually supported, such arguments will be insufficient to support summary judgment.  It is unfortunate that SureFire has wasted the resources and time of this court and Insight in failing to comply with the court's orders.

## Conclusion

For the foregoing reasons, the plaintiff's motion to strike (document no. 207) is granted, in part, as provided in this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 5, 2008

cc: Thomas A. Brown, Esquire
    Laura L. Carroll, Esquire
    Jonathan Hangartner, Esquire
    Lawrence K. Kolodney, Esquire
    Diane A.D. Noel, Esquire
    Jonathan M. Shirley, Esquire
    Craig R. Smith, Esquire
    Daniel E. Will, Esquire
    Leigh S. Willey, Esquire