```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Insight Technology Inc.

   v.                                           Civil No. 04-cv-74-JD
                                                Opinion No. 2009 DNH 067

SureFire, LLC

## O R D E R

Insight Technology Inc. brings a patent infringement action against SureFire, LLC, alleging infringement of United States Patent Number 6,574,901 ("the '901 patent"). The '901 patent is titled "Auxiliary Device for a Weapon and Attachment Thereof" and relates generally "to an auxiliary (e.g. illumination) device for a weapon and, more particularly, to attaching an auxiliary device to a weapon." Insight accuses SureFire's X200 WeaponLight, and related products, and SureFire's Military, Millenium, and Nitrolon series tactical lights ("MMN-type") of infringing claims of the '901 patent. Insight moves for partial summary judgment on infringement, and SureFire objects.

## Background

Insight accuses SureFire's X200-type and its MMN-type tactical lights of infringing independent Claim 1 of the '901 patent and its dependent claims 2, 5-13, 17, 21-24, and 28.

Insight accuses the MMN-type lights of infringing claims 25 and 27.  Claim 1 of the '901 patent provides as follows:

> An auxiliary device for use with a weapon, the auxiliary device comprising:
>   a housing:
>     at least one source of illumination located within the housing;
>     a first structural member extending upward from a first side of the housing and extending along at least a portion of a length of the first side of the housing;
>     a second structural member extending upward from a second side of the housing, wherein the second side of the housing is located opposite to the first side of the housing, and wherein the second structural member extends along at least a portion of a length of the second side of the housing such that it is substantially parallel to the first structural member, and wherein both the first and second structural members are substantially parallel to a central, longitudinal axis extending along a length of the housing; and
>     a spring-biased mechanism extending across and along a top surface of the housing, and wherein the spring-biased mechanism is configured to be biased in a direction normal to the top surface of the housing.

Claim 2 addresses the same auxiliary device but it comprises an illuminator.  The other asserted claims add specific limitations to Claim 1.

For purposes of claim construction, the parties disputed a list of terms and phrases used in the '901 patent.  The court issued a claim construction order on February 28, 2006.  For purposes of the summary judgment motion, only the meaning of the phrase "a spring-biased mechanism . . . configured to be biased

in a direction normal to the top surface of the housing" is at issue.  The court construed the phrase "biased in a direction normal to the top surface of the housing" to mean "forced by a biasing spring or biased in a direction that is perpendicular to the top surface of the housing . . . although no specific angle of perpendicularity is required."

### Standard of Review[1]

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc.,

---

[1]Although the law of the Federal Circuit governs patent issues, procedural matters, such as the standard for summary judgment, are governed by the standard applicable in the regional circuit where the district court is located.  In re Cygnus Telecomms. Tech. LLC, Patent Litig., 536 F.3d 1343, 1351-52 (Fed. Cir. 2008); Dominant Semiconductors SDN. BHD. v. Osram GMBH, 524 F.3d 1254, 1260 (Fed. cir. 2008).

477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

When the party moving for summary judgment also bears the burden of proof at trial, the movant "cannot prevail unless the evidence that he provides on that issue is conclusive."  E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de P.R., 279 F.3d 49, 55 (1st Cir. 2002) (internal quotation marks omitted).  Evidence is conclusive if the moving party provides enough record evidence that even when taken in the light most favorable to the nonmovant, no reasonable jury could find against the movant, and the nonmovant fails to provide sufficient evidence to raise a genuine issue of material fact.  L & W, Inc. v. Shertech, Inc., 471 F.3d 1311, 1318 (Fed. Cir. 2006).

## Discussion

Insight asserts, with support from the declaration of its founder and president, Kenneth Solinsky, who is also one of the named inventors of the '901 patent, that the 200X-type and the MMN-type products literally infringe claims of the '901 patent.  For purposes of summary judgment, SureFire does not dispute that its accused products are auxiliary devices for use with a firearm

or that the products include a housing and a source of illumination within the housing.  SureFire contends, however, that material factual disputes exist as to whether the accused products include a spring-biased mechanism as claimed in the '901 patent, whether the adapter used by the MMN-type lights precludes infringement, and whether the X200-type lights include first and second structural members as required by Claim 1 of the '901 patent.

Infringement is a factual question.  Bd. of Regents of the Univ. of Tex. Sys. v. BENQ Am. Corp., 533 F.3d 1362, 1367 (Fed. Cir. 2008).  To prove literal infringement, the patentee must show that every limitation of the asserted patent claim is present in the accused product.  Pfizer, Inc. v. Teva Pharms., USA, Inc., 429 F.3d 1364, 1376 (Fed. Cir. 2005).  Infringement must be proven by a preponderance of the evidence.  Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1310 (Fed. Cir. 2005).

A.  Spring-Biased Mechanism

Each of the asserted claims includes the limitation of "a spring-biased mechanism . . . configured to be biased in a direction normal to the top surface of the housing."  In his declaration, Solinsky states with reference to a color-coded

5

picture that each of SureFire's accused devices "includes a spring-biased mechanism (colored blue and yellow) that extends across and along a top surface of the housing.  The mechanism in each device is biased in a direction normal to the housing." Solinsky Decl. ¶ 36.  SureFire contends that Insight has not shown the direction of the spring-biased mechanisms on the accused devices and also challenges Solinsky's declaration.

    1.  <u>Perpendicular</u>

SureFire argues that the attachment mechanisms in its accused products do not meet the claim limitation for a spring-biased mechanism.  As construed during claim construction, the spring-biased mechanism in Claim 1 is forced or biased in a direction that is perpendicular to the top surface of the housing.  SureFire asserts that "perpendicular" is a precise mathematical term meaning "intersecting at or forming right angles."  SureFire further asserts that its attachment mechanisms are fastened by a pin which causes an arc rather than a perpendicular up and down motion.

The full claim construction differs from SureFire's interpretation.  As construed, a normal direction means a perpendicular direction but without any specific angle of perpendicularity.  Therefore, SureFire's interpretation that the

spring-biased mechanism must move at a precise right angle to the top surface of the housing is contrary to the claim construction and does not raise a factual issue for purposes of summary judgment.

    2.  <u>Solinsky Declaration</u>

SureFire contends that Insight lacks evidence of infringement because Solinsky's statement in his declaration that the accused devices have a spring-biased mechanism that is biased in a direction normal to the housing, as required by Claim 1, is insufficient to support Insight's infringement claim.  In particular, SureFire challenges the statement as an unsupported conclusion that does not meet the requirements of Rule 56. Insight responds that the color-coded photographs included in Solinsky's declaration make infringement "apparent" and argues that Solinsky supports his opinion by identifying the parts, by color, of the accused devices that correspond to the claim limitations.

To the extent Insight argues that expert opinion is not necessary to compare the parts of the accused devices to the claim limitation, that theory is contradicted by Insight's reliance on Solinsky's expert opinion on the same topic.  Federal Rule of Evidence 702 allows expert opinion testimony only "[i]f

scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact issue." Either expert opinion is necessary or it is not, and Insight offered expert opinion. In addition, the court declines Insight's invitation to conduct an infringement analysis based on the proffered colored photographs of sample devices.

In the First and Federal Circuits, an expert's opinion expressed in an affidavit or a declaration, submitted for purposes of summary judgment, must be more than a conclusory assertion. Spratt v. R.I. Dep't of Corrs., 482 F.3d 33, 39-40 (1st Cir. 2007) (citing Hayes v. Doublas Cynamics, Inc., 8 F.3d 88, 92 (1st Cir. 1993)); Novartis Corp. v. Ben Venue Labs., Inc., 271 F.3d 1043, 1051 (Fed. Cir. 2001). To support or oppose summary judgment, an expert must set forth the factual basis for his opinion "such as a statement regarding the structure found in the accused product – in sufficient detail for the court to determine whether that factual foundation would support a finding of infringement . . . with all reasonable inferences drawn in favor of the nonmovant." Arthur A. Collins, Inc. v. N. Telecom Ltd., 216 F.3d 1042, 1047-48 (Fed. Cir. 2000). "It is well settled that an expert's unsupported conclusion on the ultimate issue of infringement is insufficient to raise a genuine issue of material fact, and that a party may not avoid that rule simply by

framing the expert's conclusion as an assertion that a particular critical claim limitation is found in the accused device." Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1278 (Fed. Cir. 2004).

Solinsky's bare statement in his declaration that each of the accused devices includes a spring-biased mechanism, shown by colored parts, that is "biased in a direction normal to the housing" and that "[t]herefore, limitation 1[h] is satisfied," is insufficient.  His statement merely parrots the claim language without addressing the perpendiclarity requirement or the particular structures of the accused products.  He provides no factual basis for his conclusion, and his reference to colored parts of the photographs does not provide a factual foundation for infringement, particularly when inferences are resolved in favor of SureFire.  Therefore, the statement is insufficient to support summary judgment on infringement.

### 3. Wilson Declaration

In its reply, Insight asserts that no genuine dispute exists that SureFire's accused devices meet the claim limitation that the spring-biased mechanism is biased in a direction normal to the top surface of the housing.  In support, Insight references paragraph 9 of the affidavit of John A. Wilson, submitted by

9

SureFire.  Insight argues that Wilson agrees that the accused devices have a latching mechanism with upward biasing that forces the mechanism into a slot above it which makes the mechanism work.  SureFire, however, argues that Wilson's affidavit establishes a factual dispute because its mechanisms "ascribe a portion of a circular arc."

To the extent SureFire cites Wilson's affidavit to bolster its theory that the upward biasing must move at a right angle, not curved in an arc, that theory does not comply with claim construction.  Insight correctly points out that Claim 1 does not include a limitation on the movement of the mechanism, and instead describes the direction of the biasing.  Therefore, if the accused devices have spring-biased mechanisms that are biased upward in a direction that is perpendicular to the top surface of the housing, they meet that limitation.

Wilson's affidavit statement generally supports Insight's claim that the biasing of the latching mechanisms on SureFire's accused devices satisfies the biasing requirement of the asserted claims by pushing upward.  Solinsky's conclusory statements in his affidavit cannot be considered as support for Insight's claim.  Although SureFire offers no evidence to show that the biasing used in its accused products does not meet the

limitations of the asserted claims, Insight is the moving party and bears the burden of proof on the question of infringement.

As was the case with SureFire's obviousness defense, the question is close as to whether the record evidence shows that the accused products meet the biasing limitation. It appears likely that Insight will be able to establish that element at trial. For purposes of summary judgment, however, conclusive proof is lacking. Therefore, summary judgment is not appropriate.

B.  Remaining Claims

The "all limitations rule . . . holds that an accused product or process is not infringing unless it contains each limitation of the claim . . . ." Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350, 1358 (Fed. Cir. 2005). Because a factual question remains as to whether the accused devices meet the biasing limitation in each of the asserted claims, summary judgment is not appropriate. Therefore, the court need not consider whether the accused devices meet the remaining limitations of the asserted claims.

## Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (document no. 203) is denied.

As the parties' summary judgment motions are now resolved, the clerk of court will schedule the trial and pretrial deadlines for this case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 12, 2009

cc:  Thomas A. Brown, Esquire
     Laura L. Carroll, Esquire
     Jonathan Hangartner, Esquire
     Lawrence K. Kolodney, Esquire
     Gregory A. Madera, Esquire
     Diane A.D. Noel, Esquire
     Jonathan M. Shirley, Esquire
     Craig R. Smith, Esquire
     Daniel E. Will, Esquire
     Leigh S. Willey, Esquire