UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

INSIGHT TECHNOLOGY INCORPORATED,

   Plaintiff,

     v.

SUREFIRE, LLC,

   Defendant.

Civil Action No. 1:04-cv-00074-JD

**PLAINTIFF INSIGHT TECHNOLOGY INCORPORATED'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* (NO. 6) TO PRECLUDE EVIDENCE RELATING TO SETTLEMENT NEGOTIATIONS OR AGREEMENTS WITH GLOCK**

**I.    INTRODUCTION**

Insight Technology Incorporated ("Insight") moves to preclude SureFire, LLC ("SureFire") from introducing evidence relating to the settlement of Insight's prior patent litigation against Glock, Ges.M.B.H. and Glock, Inc. (collectively "Glock"), or from referring to such evidence during trial.

On June 10, 2003, Insight filed suit in this Court against Glock, Ges.M.B.H. and Glock, Inc. (collectively "Glock"), asserting that Glock was infringing Insight's U.S. Patent No. 6,574,901 patent (the "'901 patent"), the same patent that is at issue in the present case. (*See* Complaint (Docket No. 1), Civ. No. C-03-253-JM.)  On October 28, 2006, Insight and Glock settled their dispute, pursuant to a confidential settlement agreement (the "Glock Settlement Agreement".)  (*See* Order dated May 10, 2007 (Docket No. 95), Civ. No. C-03-253-JM.)

The jury should not be permitted to consider any evidence relating to the terms of the Glock Settlement Agreement or the surrounding communications and negotiations.[1]  Such

---

[1] Insight does not object to the jury being informed of the fact that Glock is licensed under the '901 patent, if that fact is otherwise relevant to an issue in the case, so long as the nature and terms of the license, and associated communications and negotiations, are not disclosed.

1

evidence would be irrelevant, *see Rude v. Wescott*, 130 U.S. 152, 164 (1889), prejudicial and confusing, *see Uniloc USA, Inc. v. Microsoft Corp.*, __ F. Supp. 2d __, 2009 WL 691204, *10 (D.R.I. 2009), and improper under Fed. R. Evid. 408, *see Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078-79 (Fed. Cir. 1983). Accordingly, this Court should grant Insight's motion and preclude SureFire from introducing or referring to such evidence at trial.

## II.     LEGAL STANDARDS

The Federal Rules of Evidence limit the proof that may be introduced to show a reasonable royalty. Evidence must be relevant to be admissible, Fed. R. Evid. 402, and even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Moreover, evidence of "furnishing . . . a valuable consideration in compromising or attempting to compromise [a] claim," and evidence of "conduct or statements made in compromise negotiations regarding the claim," may not be offered "to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." Fed. R. Evid. 408.

Insight is entitled to damages against SureFire in an amount no less than a reasonable royalty, 35 U.S.C. § 284, which "may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant." *Rite-Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1554 (Fed. Cir. 1995).

## III.    ARGUMENT

The terms of the Glock Settlement Agreement are wholly irrelevant to any issue in this case. An unbroken line of binding case law dating back more than a century demonstrates that settlement agreements may not be used to show an established royalty. Settlement agreements

likewise are irrelevant to a hypothetical negotiation analysis, since they are the product of a negotiation in which validity and infringement are very much disputed—the opposite situation from the hypothetical negotiation that may form the basis of a reasonable royalty calculation. Finally, the Settlement Agreement should be excluded under Rule 408, since it is a compromise of a claim used to prove the value of the amount of that claim. For these reasons, as explained in more detail below, the Settlement Agreement should be excluded.

### A. The Glock Agreement Cannot Be Used to Show an Established Royalty

As early as 1889, the Supreme Court held that settlement agreements are irrelevant to show an established royalty. The Court recognized that "a payment of any sum in settlement of a claim for an alleged infringement cannot be taken as a standard to measure the value of the improvements patented, in determining the damages sustained by the owners of the patent in other cases of infringement." *Rude v. Wescott*, 130 U.S. 152, 164 (1889). This is because "[m]any considerations other than the value of the improvements patented may induce the payment in such cases. The avoidance of the risk and expense of litigation will always be a potential motive for a settlement." *Id.*; *see also Cornely v. Marckwald*, 131 U.S. 159, 161, 9 S.Ct. 744, 745, 33 L.Ed. 117 (1889) (ruling that ten licensing agreements did not provide evidence of an established royalty because all were in settlement of litigation); *Hanson,* 718 F.2d at 1078-79 (affirming exclusion of settlement offers introduced to show an established royalty "since the offers were made after the infringement had begun and litigation was threatened").

In light of this venerable case law, there can be no dispute that the Glock Settlement Agreement may not be used to show an established royalty rate for the patent-in-suit.

### B. The Glock Settlement Agreement is Irrelevant to Show the Results of a Hypothetical Negotiation

Nor may the Glock Settlement Agreement be used to show "the supposed result of hypothetical negotiations between the plaintiff and defendant." *See Rite-Hite,* 56 F.3d at 1554.

Any minimal relevance of the Glock Settlement Agreement in this regard is outweighed by its substantial prejudicial effect on the jury.

The Glock Settlement Agreement has no relevance to a reasonable royalty calculation for SureFire's infringement because it does not reflect the outcome of a negotiation that bears any resemblance to the hypothetical negotiation on which a reasonable royalty must be based. The parties to the hypothetical negotiation are willing participants who assume the patent to be valid and infringed. *See Trio Process Corp. v. L. Goldstein's Sons, Inc.*, 533 F.2d 126, 129 (3d Cir. 1976); *Rite-Hite Corp. v. Kelley Co., Inc.*, 774 F. Supp. 1514, 1535 (E.D. Wis. 1991), *aff'd in part and vacated in part on other grounds,* 56 F.3d 1538 (Fed. Cir. 1995); 7 DONALD S. CHISUM, CHISUM ON PATENTS § 20.03[3][a] (2009). But Insight's settlement with Glock occurred in the context of a protracted lawsuit in which the parties vigorously disputed both infringement and validity. Moreover, because the settlement represented a compromise settlement of the parties litigation, it necessarily reflected judgments about litigation risks and costs that simply have no bearing on the reasonable royalty calculation. *See Rite-Hite*, 774 F. Supp. at 1535 ("Risk and expense are not factors in the hypothetical royalty negotiation . . . because the patentee is presumed to know that the patent is valid and infringed. Settlement agreements are therefore not an accurate gauge of a reasonable royalty.")

In view of these factors, the Glock Settlement Agreement has no probative value with respect to the calculation of a reasonable royalty, and should be excluded as irrelevant. *See, e.g., Uniloc USA*, __ F. Supp. 2d __, 2009 WL 691204, *10 ("[S]ettlements offered, negotiated or made under threat of litigation are generally not considered probative of a reasonable royalty because in the usual course they do not provide an accurate reflection of what a willing licensor would do in an arm's length transaction."); *Wang Labs, Inc. v. Mitsubishi Elecs. Am., Inc.*, 860 F. Supp. 1448, 1452 (C.D. Cal. 1993) ("It is a century-old rule that royalties paid to avoid litigation

are not a reliable indicator of the value of a patent, and should therefore be disregarded when determining reasonable royalty rates.")

Introduction of the Glock settlement agreement would also invite jury confusion by opening a wide range of collateral, otherwise-irrelevant issues. *See* Fed. R. Evid. 403; *Uniloc USA*, __ F. Supp. 2d __, 2009 WL 691204, *10 ("[W]hatever relevance the evidence could have as to reasonable royalty is substantially outweighed by the unfair prejudice to Microsoft and juror confusion that would likely result from these collateral issues."). If the jury were presented with evidence about the Glock settlement, Insight would be placed in the position of having to explain the settlement terms. Insight might be required to explain the reasons Insight chose to settle with Glock (and not with SureFire, against whom litigation was pending at the same time); the complexities of the commercial relationship between Insight and Glock, who manufactures weapons to which Insight's devices are attached; and the relative market share of Glock vis-à-vis SureFire, Insight's primary competitor in the relevant market. These factors further militate against the introduction of the Glock settlement agreement in the present case

For these reasons, courts regularly exclude settlement agreements as evidence of a reasonable royalty. *See, e.g., Am. Original Corp. v. Jenkins Food Corp.,* 774 F.2d 459, 464 (Fed. Cir. 1985) ("A royalty at which a patentee offers to license his invention, particularly when coupled with a claim of infringement, is not necessarily the same rate as that upon which a hypothetical willing licensee and willing licensor would agree."); *Spreadsheet Automation Corp. v. Microsoft Corp.,* 587 F. Supp. 2d 794, 800-01 (E.D. Tex. 2007) ("Evidence of consent decrees, settlements, and licenses made under the threat of litigation, offered for the purpose of 'perspective' or 'context,' would likely confuse the jury. . . ."); *Donnelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126, 1134 (W.D. Mich. 1996) ("[I]n patent infringement litigation such as this the rates paid in the industry as a result of settlement negotiations may not be considered since they

5

do not accurately reflect what a willing licensee would pay a willing licensor in an arm's length negotiation."). Here, too, the Glock Settlement Agreement is irrelevant and its introduction would open up a range of collateral issues that would serve only to confuse the jury. The agreement should be excluded.

### C.   The Glock Settlement Should Be Excluded Under Rule 408

The Settlement Agreement should also be excluded under Rule 408. Where, as here, two parties settle a bona fide dispute concerning infringement, Rule 408 requires that the settlement agreement, and associated negotiations, be excluded. *Hanson,* 718 F.2d at 1078-79 (affirming exclusion under Rule 408 of a settlement agreement introduced to show established royalty); *Saf-gard Prods., Inc. v. Service Parts, Inc.*, 491 F. Supp. 996, 1008-09 (D. Ariz. 1980) ("[T]hese agreements were entered into in compromise of infringement claims against the licensed parties. Rule 408 of the Federal Rules of Evidence precludes introduction of such evidence."); *Alpex Computer Corp. v. Nintendo Co., Ltd.*, 34 U.S.P.Q.2d 1167, 1202-03 (S.D.N.Y. 1994), *aff'd in part & rev'd in part on other grounds*, 102 F.3d 1214, 40 U.S.P.Q.2d 1667 (Fed. Cir. 1996) (under Rule 408, excluding license agreements entered into following licensee's well-founded fear of litigation).[2]

### IV.   CONCLUSION

For the foregoing reasons, Insight respectfully requests that the Court grant Insight's motion and preclude SureFire from introducing or referring to any evidence concerning the Glock Settlement Agreement.

---

[2] Some courts have held, instead, that it is Rules 402 and 403, and not Rule 408, that provides the proper basis for excluding settlement agreements from consideration in a reasonable royalty calculation. *See Donnelly*, 918 F. Supp. at 1133-34. As discussed in section II.C *supra*, the Glock settlement agreement has no relevance to the reasonable royalty calculation, and so should be excluded under Rules 402 and 403 as well.

                                                            Respectfully submitted,

Dated: September 15, 2009                By: /s/ Jonathan M. Shirley
                                                            Daniel E. Will (No. 12176)
                                                            Jonathan M. Shirley (No. 16494)
                                                            Devine, Millimet & Branch, P.A.
                                                            111 Amherst Street
                                                            Manchester, NH 03101
                                                            Tel: 603-669-6000
                                                            Fax: 603-669-8547

                                                            Of Counsel:

                                                            By: /s/ Jonathan M. Shirley for
                                                            Gregory A. Madera
                                                            Lawrence K. Kolodney
                                                            Craig R. Smith
                                                            Thomas A. Brown
                                                            Fish & Richardson P.C.
                                                            225 Franklin Street
                                                            Boston, MA 02110-2804
                                                            Tel: 617-542-5070
                                                            Fax: 617-542-8906
                                                            Attorneys for Plaintiff
                                                            Insight Technology, Inc.

## **CERTIFICATE OF SERVICE**

      I, Jonathan M. Shirley, hereby certify that I caused the foregoing PLAINTIFF INSIGHT TECHNOLOGY INCORPORATED'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* (NO. 6) TO PRECLUDE EVIDENCE RELATING TO SETTLEMENT NEGOTIATIONS OR AGREEMENTS WITH GLOCK to be served upon the following via electronic transmission in accordance with the Court's Administrative Procedures for Electronic Case Filing on September 15, 2009.

| | |
|---|---|
| Jonathan Hangartner | Laura L. Carroll |
| X-Patents, APC | Diane A.D. Noel |
| 5760 La Jolla Blvd. | Burns & Levinson LLP |
| La Jolla, CA 92037 | 125 Summer Street |
| Tel: (858) 454-4313 | Boston, MA 02110 |
| Fax: (858) 454-4314 | Tel: (617) 345-3339 |
| | Fax: (617) 345-3299 |

      /s/ Jonathan M. Shirley
      Jonathan M. Shirley