UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Insight Technoloogy Inc.</u>

    v.                                      Civil No. 04-cv-74-JD

<u>SureFire, LLC</u>


<u>Procedural Order</u>

In preparation for trial of this case, counsel shall undertake certain actions and prepare certain documents as hereinafter set forth, all of which will be subject to court review and approval.  The court expects counsel to engage in good faith efforts to agree on these matters and in the event that there is disagreement, the court expects those disagreements to be few in number and narrowly focused.  The court has reviewed the pretrial materials already submitted by counsel, and it appears that there is substantial agreement on a number of these matters, which will hopefully ease the burden in complying with this order.


    1.  Counsel shall agree on a glossary of technical terms that will be referred to during the trial.  This glossary should include both patent law terminology and the basic terminology of the invention.  Copies of the glossary will be provided to each juror at the outset of the trial.  The glossary will be included in the juror notebooks.

2. It is important that a clear and concise statement of Insight's claims and SureFire's defenses be made in order to provide the jury, the court, and counsel with a "roadmap" of this case. To that end, counsel shall confer and prepare a joint statement of Insight's claims and SureFire's defenses in outline form. With respect to Insight's claims, the statement will identify the relevant claim numbers involved in the infringement, the nature or type of infringement alleged, the specifics of the alleged infringement of each claim, and the damages being sought. With respect to SureFire's defenses of invalidity and non-infringement, the statement will identify the defense or defenses asserted as to each claim and the specific details of those defenses. The statement will be included in the juror notebooks.

3. Counsel shall agree upon and prepare a list of claim terms as construed by the court and claim terms whose meaning is not in dispute. This list will be included in juror notebooks.

4. Counsel shall agree upon charts that set forth the claims at issue. These charts, which will be marked as exhibits, shall be of sufficient size so that during the trial they can be referred to by counsel and readily read by the jury. The charts shall also be made available on 8-1/2" x 11" paper for inclusion in juror notebooks. Counsel are not precluded from offering

other charts they believe may be of assistance to the jury and court in understanding the evidence.

5.   Both parties have requested preliminary jury instructions, many of which are quite similar.  Counsel shall confer and agree on a set of preliminary jury instructions, which will be given to the jury both orally and in writing.  With respect to any particular instruction or part thereof about which there is a disagreement, counsel shall present Insight's requested version first, followed immediately by SureFire's requested version.

In addition, Insight has requested that the jury view a videotape concerning patents, produced by the Federal Judicial Center.  The court understands this video to be <u>An Introduction to the Patent System</u>, dated October 2002.  Counsel shall notify the court prior to the final pretrial conference if they agree to have the videotape shown to the jury during the preliminary instructions.

6.   Counsel have filed their requested final jury instructions, many of which are quite similar.  Counsel shall agree on a set of final jury instructions and on the order in which those instructions will be given.  The court expects counsel to keep any disagreements to a minimum.  With respect to

3

any particular instruction or part thereof about which there is a disagreement, counsel shall present Insight's requested version first, followed immediately by SureFire's requested version. Instructions shall convey the law in a neutral manner and counsel shall not request instructions that are argumentative in nature.

7. It is likely that this case will require special interrogatories and/or verdicts. Both parties have filed proposed verdict forms which are also similar. Counsel shall agree on a form of special interrogatories and/or verdicts to be submitted to the jury. Counsel are expected to keep their disagreements to a minimum and in the event there are disagreements, counsel shall present their alternative proposals – Insight's proposal first, followed immediately by SureFire's proposal.

8. In their pretrial statements both parties have listed a significant number of proposed exhibits. Local Rule 16.2(a)(5) requires a party to identify separately those exhibits which the party expects to offer and those which the party may offer if the need arises. Insight has not complied with the local rule requirement. It is unlikely that the parties will be offering into evidence all of the exhibits that they have listed. The parties should keep in mind that the court may require them to

provide each juror and the court with exhibit books, and therefore it behooves the parties to focus on those exhibits that are key to their cases rather than to inundate the jury and the court with numerous exhibits whose evidentiary value may be marginal at best.

Insight shall resubmit its exhibit lists in the form required by Local Rule 16.2(a)(5).

### DEADLINES

Counsel shall file with the court the documents required in ¶¶ 1-3 and 5-7 by **October 2, 2009**. The charts required by ¶ 4 shall be filed with the court on the day of the final pretrial conference. With respect to ¶ 8, Insight shall resubmit its exhibit lists by **October 2, 2009,** and counsel shall meet to confer about exhibits in an effort to resolve objections prior to the final pretrial conference. By **October 7, 2009,** each party shall file with the court:

    1. A list of those exhibits it intends to offer into evidence by agreement;

    2. A list of those exhibits it intends to offer into evidence but to which there is an objection;

    3. A list of those exhibits it may offer into evidence, noting whether or not there is agreement on admission; and

5

4. Objections to exhibits in the form of a brief statement setting forth the basis for the objection.

SO ORDERED.

                                                ***/s/ Joseph A. DiClerico, Jr.***
                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

September 21, 2009

cc:   Craig R. Smith, Esq.
       Daniel E. Will, Esq.
       Gregory A. Madera, Esq.
       Lawrence K. Kolodney, Esq.
       Thomas A. Brown, Esq.
       Jonathan M. Shirley, Esq.
       Leigh S. Willey, Esq.
       Diane A. D. Noel, Esq.
       Jonathan Hangartner, Esq.
       Laura L. Carroll, Esq.
       Zachary Rush Gates, Esq.