UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| INSIGHT TECHNOLOGY INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>SUREFIRE, LLC,<br><br>    Defendant. | Civil Action No. 1:04-cv-00074-JD |

**DEFENDANT SUREFIRE, LLC'S OBJECTION TO PLAINTIFF INSIGHT
TECHNOLOGY INCORPORATED'S MOTION *IN LIMINE* (NO. 6)
TO PRECLUDE EVIDENCE RELATING TO
THE SETTLEMENT NEGOTIATIONS OR AGREEMENT WITH GLOCK**

Insight's Motion *In Limine* (No. 6) (Docket #245) ("the Motion") seeks to preclude SureFire from introducing "any evidence relating to Insight's settlement agreement or negotiations with Glock other than the fact that Glock is licensed under the '901 patent." Insight asserts that such evidence would be irrelevant and improper under Fed. R. Evid. 408.

**1.    There Is No Prohibition Against Consideration of the Glock License**

While Insight has cited a long line of cases standing for the proposition that the terms of a settlement are irrelevant to determination of a reasonable royalty, Insight has glossed over the distinction between evidence of an "established royalty rate" and evidence that is relevant to determination of a negotiated royalty rate. As the Federal Circuit noted in *American Original Corp. v. Jenkins Food Corp.*, a royalty at which a patentee offers to license his invention, particularly when coupled with a claim of infringement, is "not necessarily the same rate as that upon which a hypothetical willing licensee and willing licensor would agree." 774 F.2d 459, 464 (Fed. Cir. 1985). Yet, this does not mean that a license negotiated as part of a settlement agreement is wholly irrelevant to the determination of a reasonable royalty.

Where there are no other data points to look to for guidance as to the value which should be assigned to the claimed invention, it is reasonable to consider the amount that Insight accepted in exchange for dismissing the litigation and agreeing that Glock could continue to sell the accused products. The Court of Claims has held that "one or more" licenses (even in settlement with others) furnish a relevant component for determining recovery. *Bendix Corp. v. United States*, 676 F.2d 606, 616 (Ct.Cl.1982); *Pitcairn v. United States*, 547 F.2d 1106, 1118, 212 Ct.Cl. 168, 192 USPQ 612, 622 (Ct.Cl.1976), *cert. denied*, 434 U.S. 1051 (1978); *Saulnier v. United States*, 314 F.2d 950, 161 Ct.Cl. 223, 137 USPQ 222 (Ct.Cl.1963). *See also Columbia Broadcasting Systems, Inc. v. Zenith Radio Corp.,* 537 F.2d 896, 898, 192 USPQ 68, 70 (7th Cir.1976); *Beatty Safway Scaffold Co. v. Up-Right, Inc*., 306 F.2d 626, 632, 134 USPQ 379, 384 (9th Cir.1962), *cert. denied*, 372 U.S. 934 (1963).

Here, Insight has recently indicated that it will seek an extravagant royalty rate of $29 per unit, reflecting 100% of Insight's claimed marginal profit on its M3X tactical light. To the extent that Insight may have granted Glock a license at a rate substantially lower than this amount, evidence regarding the terms of the agreement with Glock would clearly be relevant to determine whether or not there is a rational basis to support Insight's proposed rate. By further example, if Insight agreed to a fully paid up lump sum license that reflected a far lower valuation of its patent rights, that would again be probative – not dispositive – but clearly probative of Insight's claims regarding a reasonable royalty. Given that there are no other available data points, it would in fact be the most probative data available.

Insight's Motion is also cloaked in a total lack of information. Insight argues that the terms of the Glock settlement should be precluded as irrelevant without even disclosing to the Court what those terms are. The idea that this Court can assess the relevance of evidence that is

not even before it to evaluate should be rejected.  There would be no harm to either Insight or Glock in requiring disclosure of the terms of the Glock settlement to the Court and outside counsel under the existing protective order so that the Court can properly consider its relevance under the specific facts and circumstances presented in this case.

Absent any other data points, the terms of the Glock settlement are the most probative evidence available regarding the value of the invention claimed in the '901 patent.  SureFire urges the Court to at least consider the evidence that it is being asked to preclude before making a determination regarding its relevance.

**2.     Rule 408 Does Not Prohibit Use of The Glock License in this Case**

Insight's invocation of Rule 408 is not consistent with the plain language of the Rule. Rule 408 provides as follows:

> (a) Prohibited uses.--Evidence of the following is not admissible **on behalf of any party**, **when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount**, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration **in compromising or attempting to compromise the claim**; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

By its plain language, Rule 408 prohibits the use of an offer or agreement to compromise a claim to prove the amount of **that** claim.  As one district court has observed in considering whether to preclude evidence of prior licenses negotiated in settlement agreements under Rule 408, "[f]rom the mere text of the Rule, it is obvious that the Rule itself does not preclude evidence of these compromises in this case because the offers to compromise the claims do not

3

concern the claim being litigated in this case." *Donnelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126 (W.D. Mich. 1996), *citing Broadcort Capital Corp. v. Summa Medical Corp.*, 972 F.2d 1183, 1194 (10th Cir.1992); *see also Korn v. Fireman's Fund Ins. Co.,* 27 F.3d 566, 1994 WL 264263 (6th Cir. June 15, 1994) (unpublished opinion); *Evans v. Troutman*, 817 F.2d 104, 1987 WL 37221 (6th Cir. April 29, 1987) (unpublished opinion); *Ensing v. Vulcraft Sales Corp.*, 830 F. Supp. 1017, 1018 (W.D. Mich.1993).

As provided by Rule 408(b), this rule "does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a)." Thus, the exclusion under Rule 408 is limited to use of the evidence regarding the terms of the Glock settlement to prove the amount of Insight's claim against Glock. Rule 408 does not prohibit use of Insight's agreement to compromise its claim against Glock in this case.

**3.    Conclusion**

SureFire respectfully requests that this Court require disclosure of the terms of the Glock settlement agreement to the Court and outside counsel pursuant to the protective order so that it can fairly evaluate the relevance of the terms of any license Insight has granted to Glock. Absent disclosure of the terms at issue, any ruling granting Insight's motion will be based on speculation.

WHEREFORE, for the reasons set forth in this objection, SureFire respectfully requests that the Court enter an Order:

(1)    Denying Plaintiff's Motion *in Limine* (No. 6);

(2)    Requiring disclosure to the Court and outside counsel of the terms of the Glock settlement agreement, AND

(3)    Granting such other relief as is just and equitable.

Respectfully submitted,

**SUREFIRE LLC,**

By its attorneys,

Dated:  October 4, 2009                    /s/ Laura L. Carroll
                                                    Laura L. Carroll (NH Bar No. 17444)
Zachary R. Gates (NH Bar No. 17454)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA  02110
Tel:  617-345-3000
Fax:  617-345-3299
E-mail:  lcarroll@burnslev.com
E-mail:  zgates@burnslev.com

Jonathan Hangartner (admitted *pro hac vice*)
X-Patents, APC
5670 La Jolla Blvd.
La Jolla, CA  92037
Tel:  858-454-4313
Fax:  858-454-4314
E-mail:  jon@x-patents.com

CERTIFICATE OF SERVICE

     I hereby certify that on this date, I electronically filed the foregoing DEFENDANT SUREFIRE, LLC'S OBJECTION TO PLAINTIFF INSIGHT TECHNOLOGY INCORPORATED'S MOTION *IN LIMINE* (NO. 6) TO PRECLUDE EVIDENCE RELATING OT THE SETTLEMENT NEGOTIATIONS OR AGREEMENT WITH GLOCK with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

        Thomas A. Brown, tbrown@fr.com
        Laura L. Carroll, lcarroll@burnslev.com
        Jonathan Hangartner, jon@x-patents.com
        Lawrence K. Kolodney, kolodney@fr.com
        Gregory A. Madera, madera@fr.com
        Diane A.D. Noël, dnoel@burnslev.com
        Jonathan M. Shirley, jshirley@devinemillimet.com
        Craig R. Smith, csmith@fr.com
        Daniel E. Will, dwill@devinemillimet.com

Dated:  October 4, 2009                             /s/ Laura L. Carroll
                                                        Laura L. Carroll