UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Insight Technology, Inc.

     v.                                   Civil No. 04-cv-74-JD

SureFire, LLC


                                O R D E R


     Insight Technology, Inc. alleges that SureFire, LLC is infringing Insight's United States Patent Number 6,574,901 ("the '901 patent").  SureFire raises a defense that the '901 patent is unenforceable due to inequitable conduct during the patent prosecution process.  Insight moves to bifurcate the jury trial on infringement issues from the bench trial on the defense of inequitable conduct.  The court also directed the parties to address the question of whether, if the trial were bifurcated, the bench trial should be held before or after the jury trial.

     The defense of inequitable conduct addresses a question of equity, which is generally decided by the court.  See Rothmann v. Target Corp., 556 F.3d 1310, 1322 (Fed. Cir. 2009).  A trial court may exercise its discretion to bifurcate the trial of equitable issues from a jury trial.  Shum v. Intel Corp., 499 F.3d 1272, 1276 (Fed. Cir. 2007).  A bench trial on inequitable conduct may be held before or after the jury trial, depending on whether the inequitable conduct defense and the infringement and

invalidity claims and defenses involve a common issue.  Agfa Corp. v. Creo Prods. Inc., 451 F.3d 1366, 1372 (Fed. Cir. 2006).  Although the issues of inequitable conduct and patent validity overlap, they are not common issues for purposes of precluding a bench trial prior to a jury trial on invalidity.  Id.

The court has considered the parties' submissions on the question of bifurcation and, in the event of bifurcation, the scheduling of the bench trial.  There appears to be little dispute that it would be appropriate to bifurcate the bench trial on inequitable conduct from the jury trial on infringement and invalidity, and the court agrees that would be the best course.  Although the bench trial could be held before the jury trial, in this case, the court concludes that it would be more appropriate to wait until after the jury trial to consider SureFire's inequitable conduct defense.

Conclusion

For the foregoing reasons, Insight's motion to bifurcate (document no. 262) is granted. The bench trial on the defense of inequitable conduct will be held, if necessary, after the completion of the jury trial at a time to be scheduled.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 7, 2009

cc:  Thomas A. Brown, Esquire
     Laura L. Carroll, Esquire
     Zachary Rush Gates, Esquire
     Jonathan Hangartner, Esquire
     Lawrence K. Kolodney, Esquire
     Gregory A. Madera, Esquire
     Diane A.D. Noel, Esquire
     Jonathan M. Shirley, Esquire
     Craig R. Smith, Esquire
     Daniel E. Will, Esquire
     Leigh S. Willey, Esquire