UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Insight Technology, Inc.

        v.                          Civil No. 04-cv-74-JD

SureFire, LLC


O R D E R


     Insight Technology, Inc. alleges that SureFire, LLC is
infringing Insight's United States Patent Number 6,574,901 ("the
'901 patent").  Insight has filed two motions in limine to
preclude SureFire from arguing certain non-infringement theories
and from presenting certain invalidity theories and prior art
witnesses.  SureFire objects to both motions.


I.  Non-Infringement Theories

     Insight contends that SureFire has raised four non-
infringement theories that are not valid on a variety of grounds.
The four theories appear to be that (1) SureFire's X200 and S300
Weapon Lights do not include a spring-biased mechanism that
extends "across and along" a top surface of the housing because
it lacks direct contact with the housing, (2) SureFire's X200 and
X300 Weapon Lights do not have structural members that are part
of the housing, (3) the spring-biased mechanism in SureFire's
products moves in an arc rather than at a right angle, and (4)

SureFire's products use a mount adapter.  The third theory
requires claim construction, as addressed in the court's recent
procedural order.  The parties appear to agree that the fourth
theory, pertaining to a mount adapter, is moot.

A.   Spring-Biased Mechanism – "Direct Contact Theory"

At one time, SureFire argued that its accused products did
not infringe because the spring-biased mechanism did not extend
across and along a top surface of the housing, as required by the
patent claims.  In support of that theory, SureFire construed
"extending across and along" to mean that the spring-biased
mechanism must be in direct contact with the top surface of the
housing.  Subsequently, however, the court construed the phrase
"extending across and along" to mean that the mechanism both
traverses the housing and is located on the top of the housing,
although not necessarily in direct contact with the surface of
the housing.  SureFire concedes that claim construction precludes
its non-infringement theory based on a lack of contact between
the mechanism and the housing.

B. Spring-Biased Mechanism – "Arc Theory"

In the claim construction order, the court construed the
phrase, "biased in a direction normal to the top surface of the

housing," to mean:  "forced by a biasing spring or biased in a direction that is perpendicular to the top surface of the housing and forced to move, by a biasing spring, in a direction that is perpendicular to the top surface of the housing, although no specific angle of perpendicularity is required."  Doc. no. 79 at 9.  SureFire argued, in opposition to Insight's motion for summary judgment on infringement that its accused products do not meet the limitation, "biased in a direction normal to the top surface of the housing."

In support of its defense, SureFire argued that "perpendicular" is a precise mathematical term meaning a right angle.  Because the pin fastener used on the spring mechanism in SureFire's products causes the spring plate to move in an arc, rather than at a right angle to the housing, SureFire argued that its products do not meet that limitation.  The court, however, rejected SureFire's interpretation.  Based on the claim construction, the spring-biased mechanism limitation does not require any particular angle of perpendicularity.  Therefore, SureFire's theory that because the plate moves in an arc it does not meet the spring-biased mechanism limitation, is contrary to claim construction.

SureFire will not be permitted to raise its arc theory at trial.

## II.   Undisclosed Invalidity Theories

Insight moves to preclude SureFire from raising at trial any theories of patent invalidity that were not disclosed during discovery.  In particular, Insight contends that SureFire should be precluded from raising patent invalidity theories that were not disclosed in its discovery responses or in the claim charts attached to SureFire's summary judgment motions, which show anticipation by United States Patent 5,685,105 patent and obviousness in light of prior art cited in the chart.[1]

SureFire responds that Insight's motion is predicated on a "harsh stance" that SureFire cannot present new evidence in support of its invalidity defenses that was not disclosed during the discovery period.  Instead, SureFire contends, Federal Rule of Civil Procedure 26(e)(1)(A) provides for supplementation of discovery disclosures "all the way up to the beginning of the trial, and then, only as to information which had not otherwise been disclosed to Insight during the discovery process or in writing."  Doc. no. 285 at 5.  Based on that view, SureFire argues that it has complied with Rule 26(e) and that the burden falls on Insight "to request a continuance or a limited reopening

_____

[1]The prior art cited in the referenced claim chart is the '105 patent, the Wilcox NightStalker, the GB '444 patent, the '213 patent, the SOCOM LAM, the '744 patent, and "standard engineering reference materials in Ex. P at 3-4 and Ex. HH.

of discovery." Id. at 7. In addition, SureFire states that it
has had to change its invalidity theories as the case developed
to conform to the court's rulings.

Insight does not identify a particular theory that it
believes was not properly disclosed which should be excluded from
trial. Without a specific circumstance to consider, no ruling is
possible. However, this case is governed by the Federal Rules of
Civil Procedure, and unfortunately SureFire has demonstrated a
history of failing to comply with discovery rules and deadlines
and the court's rulings in that regard.

Contrary to SureFire's interpretation, Rule 26(e)(1)(A) does
not provide an unlimited escape from the restrictions imposed by
Federal Rule of Civil Procedure 37(c)(1). Rule 26(e) requires
supplementation of discovery responses "in a timely manner." A
supplemental disclosure under Rule 26(e)(1)(A) is timely if it is
made as soon as possible after the party learns that its response
was inaccurate or incomplete. See, e.g., AVX Corp. v. Cabot
Corp., 252 F.R.D. 70, 78 (D. Mass. 2008); Malozienc v. Pac. rail
Servs., 572 F. Supp. 2d 939, 943 (N.D. Ill. 2008); Walls v.
Paulson, 250 F.R.D. 48, 53 (D.C.C. 2008).

Absent highly unusual circumstances, the time is long
past in this case for supplementation of discovery responses
under Rule 26(e)(1)(A).

III.  Prior Art Witnesses

Insight contends that SureFire's president, John Matthews, should be precluded from testifying about prior art because SureFire did not disclose him as a witness on that topic during discovery and because its supplementation, which was provided two years after the close of fact discovery, was not timely.  Insight further explains that because Matthews is SureFire's president, his opinions and information were known and available to SureFire long before its supplementation was made.  SureFire responds that Insight should have asked for permission to depose Matthews or asked for a continuance of the trial to pursue additional investigation now.

Although SureFire does not identify the basis for its response, it appears that it may intend to show that its failure to supplement its discovery responses in a timely manner was harmless.[2]  Fed. R. Civ. P. 37(c)(1).  In other words, SureFire does not argue that its supplemental disclosure was timely but instead appears to shift the blame to Insight for any prejudice resulting from SureFire's late disclosure because Insight did not

---

[2]To the extent SureFire contends that Rule 26(e)(1)(A) has no time limits so that its disclosure of its own president as a witness on prior art two years after the close of discovery was timely, SureFire fails to consider the "in a timely manner" requirement.  SureFire offers no justification for waiting two years to disclose Matthews as a witness on prior art.

pursue further investigation or seek court approval to reopen discovery.  SureFire also argues that because Insight has had the supplemental discovery information for a year or more, it had time to prepare its expert witness.

Contrary to SureFire's position, the party offering untimely evidence bears the burden of showing either substantial justification or that its error was harmless.  Primus v. United States, 389 F.3d 231, 234 (1st Cir. 2004); see also Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 192 (1st Cir. 2006). Ordinarily, the sanction under Rule 37 for a violation of a discovery obligation is mandatory preclusion.  Santiago-Diaz v. Lab. Clinico Y de Referencia Del Este & Sara Lopez, M.D., 456 F.3d 272, 276 (1st Cir. 2006).  The trial court, nevertheless, is allowed some discretion in imposing the sanction to consider the circumstances, including "'the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects.'"  Id. (quoting Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003).

SureFire provides little support to find either substantial justification or that its delay was harmless.  In contrast, the cases it cites show circumstances that support such findings. During the course of this case, SureFire has repeatedly failed to

abide by the discovery rules, which led to additional motion practice and sanctions imposed against SureFire under Rule 37(c). SureFire makes no showing about its need for Matthews's challenged testimony or the justification for waiting until two years after the close of fact discovery to disclose Matthews's additional area of expertise.  Although SureFire asserts that Insight could have and should have taken measures to investigate SureFire's late disclosure, that is insufficient to show that the delay was harmless.

Therefore, SureFire is precluded from offering testimony by John Matthews about prior art.

Conclusion

For the foregoing reasons, Insight's motion in limine to exclude certain defense theories (document no. 246) is granted as to the adapter theory, the direct contact theory, and the arc theory, but the structural member theory remains under consideration pending claim construction.  Insight's motion in limine to preclude certain invalidity theories and prior art witnesses (document no. 247) is granted as to testimony by John Matthews about prior art; otherwise, the motion is not sufficiently specific to allow a ruling, and therefore it is denied without prejudice to raise the same issues at trial. SureFire is put on notice that it will not be permitted to use undisclosed theories and witnesses in violation of the federal rules.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

October 8, 2009

cc:   Craig R. Smith, Esq.
      Daniel E. Will, Esq.
      Gregory A. Madera, Esq.
      Lawrence K. Kolodney, Esq.
      Thomas A. Brown, Esq.
      Jonathan M. Shirley, Esq.
      Leigh S. Willey, Esq.
      Diane A. D. Noel, Esq.
      Jonathan Hangartner, Esq.
      Laura L. Carroll, Esq.
      Zachary Rush Gates, Esq.