UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Insight Technology Inc.

   v.                              Civil No. 04-cv-74-JD

SureFire, LLC


O R D E R

Insight Technology, Inc. alleges that SureFire, LLC is infringing Insight's United States Patent Number 6,574,901 ("the '901 patent").  Insight moves, in limine, to preclude SureFire from presenting expert opinion testimony through fact witnesses who were not disclosed as experts.  SureFire objects, arguing that several of its fact witnesses can testify about matters that are based on the witnesses' technical knowledge.

By definition, expert witness testimony is based on "scientific, technical, or other specialized knowledge" that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  A witness who testifies with technical knowledge as one skilled in the art or about the understanding of one skilled in the art is testifying as an expert witness.  See Markman v. Westview Instruments, Inc., 52 F.3d 967, 1005 (Fed. Cir. 1995); Burlington Indus., Inc. v. Dayco Corp., 849 F.2d 1418, 1421 (Fed. Cir. 1988).  In contrast, a fact witness is limited to testimony about concrete facts based

on the witness's personal knowledge through his own observations and perception.  See United States v. Flores-de-Jesus, 569 F.3d 8, 21 (1st Cir. 2009); see also United States v. York, 572 F.3d 415, 421 (7th Cir. 2009); United States v. Ganier, 468 F.3d 920, 926 (6th Cir. 2006).  Further, a lay witness may provide opinion testimony, but only when the opinion is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701(c).

SureFire contends that its fact witnesses, including John Matthews, Paul Kim, James Teetzel, and Michael I. Cooper, "possess technical, factual information concerning various SureFire products, Wilcox Industries products, and other prior art patents and devices."  Doc. no. 276 at 4.  Based on that proffer, SureFire expects to elicit testimony at trial from those witnesses about events, product development, prior art patents and devices, and other issues including obviousness.

SureFire appears to misunderstand the distinction between fact witnesses who may also give lay opinions under Rule 701 and expert testimony under Rule 702.  There are occasions when the distinction may be difficult to discern with respect to some witnesses.  Here, however, to the extent SureFire intends to elicit testimony of a technical nature from its fact witnesses about such topics as prior art, patents, devices, obviousness,

and other technical issues, that testimony will likely fall outside the limits of lay witness testimony.

The court cannot resolve the question of what testimony may be admissible or inadmissible without reviewing the proposed testimony.  Therefore, SureFire shall file detailed written proffers of the proposed testimony of John Matthews, Paul Kim, James Teetzel, Michael I. Cooper, and any other fact witness whose testimony is expected to be directed to technical or specialized topics, including prior art, patents, other devices, and obviousness.  After review of the written proffers, the court may determine that voir dire of one or more of the witnesses is necessary before making a ruling on the admissibility of the proposed testimony.

## Conclusion

For the foregoing reasons, Insight's motion to preclude expert testimony from SureFire's fact witnesses (document no. 240) is granted to the extent that fact witnesses will not be permitted to testify to matters within the scope of expert opinion testimony.  The admissibility or inadmissibility of specific fact witnesses' testimony will be determined as to each witness before he testifies at trial.

SureFire shall file detailed written proffers of the

testimony of any fact witness it plans to call at trial, including John Matthews, Paul Kim, James Teetzel, and Michael I. Cooper, whose testimony is expected to be directed to technical or specialized topics such as prior art, patents, other devices, and obviousness.  The written proffers shall be filed **on or before October 15, 2009.**

   SO ORDERED.

                                        **/s/ Joseph A. DiClerico, Jr.**
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

October 8, 2009

cc:   Craig R. Smith, Esq.
      Daniel E. Will, Esq.
      Gregory A. Madera, Esq.
      Lawrence K. Kolodney, Esq.
      Thomas A. Brown, Esq.
      Jonathan M. Shirley, Esq.
      Leigh S. Willey, Esq.
      Diane A. D. Noel, Esq.
      Jonathan Hangartner, Esq.
      Laura L. Carroll, Esq.
      Zachary Rush Gates, Esq.