UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Insight Technology Inc.

    v.                           Civil No. 04-cv-74-JD

SureFire LLC

O R D E R

Insight Technology, Inc. alleges that SureFire, LLC is infringing Insight's United States Patent Number 6,574,901 ("the '901 patent"). In preparation for trial, Insight has filed a motion in limine to preclude SureFire from introducing or referring at trial to evidence relating to settlement negotiations or agreements with Glock, Ges.M.B.H. and Glock, Inc. (collectively "Glock").[1]

In support of its motion, Insight argues that this evidence is irrelevant, unfairly prejudicial, and confusing to the jury, and therefore inadmissible under Federal Rules of Evidence 402 and 403. Insight also seeks to exclude the evidence under Rule 408, which bars the introduction of any evidence of "furnishing . . . a valuable consideration in compromising . . . [a] claim" and

---

[1] Insight does not object to the jury being informed of the fact that Glock is licensed under the '901 patent, if that fact is otherwise relevant to an issue in the case. Therefore this Order does address the admissibility of that fact.

"conduct or statements made in compromise negotiations regarding the claim," where such evidence is offered to prove "liability for, invalidity of, or amount of a claim that was disputed as to validity or amount."  SureFire counters that the evidence is probative of Insight's claims regarding a reasonable royalty.  SureFire also argues that Rule 408 is inapplicable, because it does not preclude evidence of compromises reached regarding claims other than the one currently being litigated.[2]

To the extent that Insight wishes to exclude the terms of the settlement agreement itself and SureFire seeks to introduce the terms to prove the value of Insight's reasonable royalty, this evidence is inadmissible at trial.  The settlement with Glock was made to resolve ongoing litigation, and is therefore not probative of a reasonable royalty because "in the usual course [such settlements] do not provide an accurate reflection of what a willing licensor would do in an arm's length transaction."  Uniloc USA, Inc. v. Microsoft Corp., 632 F. Supp. 2d 147, 159 (D.R.I. 2009) (excluding evidence of litigation settlements entered into by same plaintiff in litigation against

---

[2] SureFire also requests that the court require Insight to disclose both to the court and "outside counsel" the terms of the Glock settlement agreement.  Pursuant to Local Rule 7.1(a)(1), such a request for affirmative relief may not be combined with an objection to a pending motion.  Therefore the request is denied at this time.

other defendants); see also Fed. R. Evid. 402.

Moreover, any marginal value the Glock settlement terms would have in proving a reasonable royalty is substantially outweighed by the danger of unfair prejudice to Insight and the likelihood of confusing the jury and wasting time.  See Uniloc USA, Inc., 632 F. Supp. 2d at 159; Fed. R. Evid. 403.  The introduction of the Glock settlement terms would necessitate a lengthy explanation to the jury of the economics of litigation risk, competition, and other considerations that inform a litigation settlement.  All of this evidence would be collateral, and therefore confusing and a waste of time.

A determination under Rules 402 and 403 necessarily turns on, among other factors, the nature of the evidence sought to be admitted, the purpose for its introduction, and the context in which it is introduced.  In its motion, Insight does not describe with sufficient detail what "evidence relating to the settlement negotiations or agreement with Glock" it seeks to exclude.  To the extent there is other such evidence, or to the extent SureFire wishes to introduce evidence for a purpose other than proving a reasonable royalty, the question of admissibility will be determined at trial.  Therefore, SureFire shall notify the court and Insight before any such evidence is elicited, so that the court can resolve the question of its admissibility.

Conclusion

For the foregoing reasons, Insight's motion to preclude evidence relating to the settlement negotiations or agreement with Glock (document no. 245) is granted to the extent that SureFire seeks to introduce the terms of that agreement to prove a reasonable royalty in this case. The admissibility of any other settlement-related evidence used for any other purpose will be determined at trial.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

October 8, 2009

cc: Craig R. Smith, Esq.
    Daniel E. Will, Esq.
    Gregory A. Madera, Esq.
    Lawrence K. Kolodney, Esq.
    Thomas A. Brown, Esq.
    Jonathan M. Shirley, Esq.
    Leigh S. Willey, Esq.
    Diane A. D. Noel, Esq.
    Jonathan Hangartner, Esq.
    Laura L. Carroll, Esq.
    Zachary Rush Gates, Esq.